LOUISE N. BROOKS *vs.* BOSTON AND NORTHERN STREET RAILWAY COMPANY.

Middlesex.   January 10, 1912. — February 29, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DECOURCY, JJ.

*Practice, Civil,* Parties, Amendment, Dismissal of action, Stipulation in report to full court. *Executor and Administrator.*

An action purporting to be brought for injuries sustained by a person named as the plaintiff, who died before the date of the writ and for whose estate no executor or administrator had been appointed, has no legal existence, and an administrator subsequently appointed cannot be made the plaintiff by an amendment under R. L. c. 173, § 48.

An action nominally standing upon the docket of the Superior Court, which in legal effect never has been brought because at the date of the writ there was no person who could bring it, should be dismissed, and it is wrong to order a verdict for the defendant.

A stipulation contained in the report of a case for determination by this court, that if the rulings of the Superior Court were wrong "the case should stand for trial," here was held to mean that the case should stand for such disposition as was required by the decision of this court.

TORT brought in the name of Louise N. Brooks for injuries sustained by her on September 5, 1905, when she was a passenger on an electric street car of the defendant, by reason of a collision with another car of the defendant.   Writ dated July 18, 1908.

The case came on for trial before *King,* J.   It appeared that Louise N. Brooks, who was named as plaintiff, died on February 12, 1907, the year previous to the date of the writ, and that on March 11, 1909, the year after the date of the writ, George H. W. Pulsifer was appointed administrator of her estate.   It was admitted that there was sufficient evidence of negligence of the defendant and of due care on the part of Louise N. Brooks to have warranted a jury in finding for the plaintiff, if the action had been brought and tried during the lifetime of Louise N. Brooks.

The administrator of the estate of Louise N. Brooks moved "that the writ and declaration be amended by striking out in each the name of Louise N. Brooks as party plaintiff and sub-

stituting therefor the name of George H. W. Pulsifer, adminis-
trator of the estate of Louise N. Brooks."

The judge ruled that he did not have power to allow the amend-
ment and denied the motion, subject to the exception of the
administrator. At the request of the defendant the judge ordered
a verdict for the defendant, and by agreement of counsel reported
the case for determination by this court upon the following stipu-
lation: "If the rulings of the Superior Court were right in deny-
ing the said motion and in directing a verdict for the defendant,
judgment should be entered for the defendant; if, however, the
rulings of the Superior Court were wrong, the case should stand
for trial."

The case was submitted on briefs.

*L. T. Trull & F. N. Wier,* for the defendant.

*J. J. O'Connor,* for the plaintiff.

Rugg, C. J. The question is, whether an action for personal
injuries can be maintained, which is brought after the death of
the person injured and before the appointment of an executor or
administrator in which the dead person is named as party plain-
tiff. The cause of action which accrued to Louise N. Brooks
during her life was not extinguished with her death, but might
have been prosecuted by her executor or administrator. R. L.
c. 171, § 1. The writ is dated about seventeen months after her
death and eight months before the appointment of the adminis-
trator of her estate. Nothing further appears as to the human
agency by which the alleged action was instituted except that a
declaration filed long after her death and long before the appoint-
ment of her administrator is signed by an attorney.

An action at law implies, by its very terms, the existence of a
person who has the right to bring the action. *Patterson* v. *Patter-
son,* 59 N. Y. 574, 578. It is axiomatic that a corpse is not a
person. That which constitutes a person is separated from the
body by death and that which remains is "dust and ashes,"
sacred to kin and friends, whose feelings and rights in this regard
receive the protection of the law, but having no inherent capacity.
*Feeley* v. *Andrews,* 191 Mass. 313. No harshness is wrought by
this rule, for from early times our statute of limitations has made
some provision for extension in the event of death of a person
entitled to bring an action (see R. L. c. 202, § 10, and marginal

annotations) and the law also allows a special administrator, who may be appointed at any time without notice, to bring actions. See R. L. c. 137, § 10.

It is urged, however, that under our statute allowing amendments, the administrator now appointed may be substituted as party plaintiff.  The essential words of that statute, R. L. c. 173, § 48, are that "the court may . . . allow any other amendment in matter of form or substance in any process, pleading or proceeding which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought."  This language in plain words indicates the existence of a real plaintiff as the original instigator of the action.  It gives no countenance to the idea that something phantasmal and visionary may be given a body and a substance by the aid of subsequent events.  It presupposes a plaintiff.  Here there was no plaintiff.  It assumes an intent.  The amendment must be bottomed on an intent contemporaneous with the bringing of the action.  But one who is dead cannot have an intent in any earthly sense.

*Lewis* v. *Austin,* 144 Mass. 383, gives no support to the contention now urged.  That was a case where a live person having a valid claim, which he was obliged to prosecute in the name of another, by inadvertence used the name of one who had died. But the real plaintiff was alive.  As was pointed out in the opinion, if he had brought the action in his own name, clearly an amendment could have been allowed.  So also if brought in a fictitious name. Moreover, there had been appointed an administratrix of the estate of the deceased person in whose name the action might have been brought.  *McLaughlin* v. *West End Street Railway,* 186 Mass. 150, is manifestly distinguishable.  There both the plaintiff and the cause of action were in existence.  A wrong defendant was named in the writ.  The present decision does not impair in any degree that which has been said in these and many other cases as to the liberality with which amendments are allowed under our practice.  It only holds that where, in the nature of things, no person can be plaintiff and the cause of action is in suspense, an action cannot be instituted.  If no action can be instituted, there is nothing to amend.

The ruling of the Superior Court was wrong in ordering a verdict for the defendant.  No judgment can be entered in a case

which never has had an existence and is a nullity. The action should be dismissed. Under the terms of the report the case is to "stand for trial." This means that it should stand for such disposition as is required by this opinion.

*So ordered.*