BRUCE HOLMQUIST *vs.* MARY LOUISE STARR, executrix.[1]

Plymouth. January 6, 1988. — April 6, 1988.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Executor and Administrator*, Proceedings commenced after death of decedent. *Practice, Civil,* Death of party, Service of process.

An action brought for injuries sustained in an automobile accident against a person who died before the date of the filing of plaintiff's complaint, service of which was at the person's "last and usual place of abode," was not a nullity in light of circumstances indicating that the decedent's executrix had legal existence at the time the action was commenced, that notice was given to the representative of the estate, and that an answer was filed on behalf of the estate. [93-95]

CIVIL ACTION commenced in the Brockton Division of the District Court Department on August 5, 1985.

The case was heard by *George N. Covett,* J., on a motion to dismiss.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Robert H. Greene* for the plaintiff.

*J. Warren Heffernan* for the defendant.

LYNCH, J. On August 5, 1985, the plaintiff, Bruce Holmquist, filed a complaint in the District Court against John B. Starr for injuries allegedly arising from an automobile accident occurring on October 14, 1982. The action was dismissed in the District Court and the plaintiff claimed a report to the Appellate Division, which dismissed the report. The plaintiff appealed from the order of the Appellate Division, and we took the case on our own motion. We reverse.

---

[1] Of the estate of John B. Starr.

The return of service indicated that the named defendant was served at his last and usual place of abode and by mail on August 12, 1985. On August 30, 1985, an attorney filed a "Defendant's Answer" on behalf of the "Estate of John B. Starr," which stated, inter alia, that John B. Starr died on October 2, 1984. The plaintiff then filed a motion to amend his complaint to substitute as defendant the executrix of the estate of John B. Starr, which was allowed on September 13, 1985.[2] The executrix filed an answer to the amended complaint on October 21, 1985.[3]

Thereafter, on March 20, 1986, the executrix filed a motion to dismiss the action on the ground that "the Court lacks jurisdiction over John B. Starr, defendant's intestate [*sic*] as he died prior to the commencement of this action, and over defendant because as a matter of law the action is a nullity. (MRCP 12[b][2])."[4] This motion was allowed, without opinion, on April 22, 1986. The Appellate Division of the District Court affirmed on the ground that the purported action was a nullity because the action initially was filed against a defendant who was already deceased and, therefore, the substitution of the executrix was ineffective. *Chandler* v. *Dunlop*, 311 Mass. 1, 5 (1942).

The plaintiff urges us to abandon the nullity doctrine where, as here, the defendant had actual notice of the complaint and would not be prejudiced. The defendant concedes that her substitution as defendant creates no legal prejudice, but argues simply that a longstanding precedent of this court should not be overturned.

The previous decisions of this court do not support the application of the nullity doctrine to the facts of this case. In

---

[2] The record does not indicate whether this motion was opposed.

[3] We note that the record is silent as to when the executrix was appointed. Nevertheless, it is clear that she was appointed by September 13, 1985. The Probate Court docket discloses that she was appointed March 6, 1985.

[4] There apparently was no objection to the irregularity of filing this rule 12 (b) motion five months after making a responsive pleading. See Mass. R. Civ. P. 12 (b), 365 Mass. 754, 755 (1974) ("A motion making any of these defenses shall be made before pleading if a further pleading is permitted").

*Chandler* v. *Dunlop, supra* at 5, on which the defendant and the Appellate Division have relied, the action was brought against a defendant who had died prior to the commencement of the action, and an answer was filed purporting to be in behalf of the deceased defendant. The court held that in those circumstances no action had been commenced, "[t]he action was, in truth, brought against nobody," *id.,* citing *Bateman* v. *Wood,* 297 Mass. 483, 485 (1937), and therefore it was error to permit an amendment naming the deceased's administratrix as the defendant. The court stressed the fact that the attorney purporting to answer for the named defendant was ignorant of the fact of his death, and expressly declined to consider whether an answer on behalf of the administratrix, although she was not named on the writ, could confer jurisdiction. *Id.* at 6.

The conclusion that "[t]he action was, in truth, brought against nobody," and the nullity concept, must be understood in the context of *Brooks* v. *Boston & N. St. Ry.,* 211 Mass. 277 (1912), the only Massachusetts case cited by the *Bateman* court in that portion of the opinion relied upon in *Chandler.* In *Brooks, supra,* the issue was "whether an action for personal injuries can be maintained, which is brought after the death of the person injured and before the appointment of an executor or administrator in which the dead person is named as party plaintiff." *Id.* at .278. In holding that the case was a nullity, the court reasoned that "[a]n action at law implies, by its very terms, the existence of a person who has the right to bring the action," *id.,* and distinguished the case from one where "there had been appointed an administratrix of the estate of the deceased person in whose name the action might have been brought," *id.* at 279.

In both *Chandler* and *Bateman,* although an administratrix had been appointed, the application of the nullity doctrine rested on the additional conclusion that service was not attempted or effected upon the administratrix. "There was no adequate service upon the present defendant, since she was not named as defendant at the time the writs were served *and was not acting for the one named as defendant*" (emphasis added).

*Bateman, supra* at 486-487. See also *Chandler, supra* at 7. Thus "[t]here [was] nothing in the record to support the inference that those attorneys even purported to appear for the present defendant in her capacity as administratrix." *Bateman, supra* at 486. See also *Chandler, supra* at 6.

Therefore, the following circumstances lead us to conclude that the nullity doctrine does not apply to this case: (1) the representative of the deceased at the time the action was commenced had legal existence; (2) notice was given to the representative of the estate; (3) an answer was filed on behalf of the estate. This result is consistent with what has long been the law of the Commonwealth in another context, that it is not fatal that a complaint was not initially filed in the proper party's name or proper capacity, so long as the action is the one which the plaintiff "originally intended to bring." *Bengar* v. *Clark Equip. Co.*, 401 Mass. 554, 557 (1988). See also *Mellinger* v. *West Springfield*, 401 Mass. 188, 190, 193 (1987) (amendment substituting plaintiff as administrator relates back to original complaint filed as "next of kin and heir" prior to his appointment as administrator); *Ideal Fin. Ass'n* v. *McPhail*, 320 Mass. 521, 523-524 (1946) (where "[o]n the date of the writ there was an existent plaintiff," omission of the plaintiff's name from original writ does not render writ a nullity).

Nor is it required that the executrix be served with the original complaint in her capacity as executrix. Cf. *Mellinger* v. *West Springfield, supra* at 192-194. She was served following the allowance of the amendment substituting her as defendant, and absent the application of the nullity doctrine, that is all that is required, on these facts, for the amendment to relate back. See *Johnson* v. *Carroll*, 272 Mass. 134, 137 (1930).[5]

---

[5] The defendant's answer to the amended complaint asserted the defense of insufficiency of service of process, Mass. R. Civ. P. 12 (b) (5). The Appellate Division, however, noted that "service . . . was made on the intended defendant within the limitation period." In any event, where the defendant apparently did not join a motion raising this defense with her motion made pursuant to Mass. R. Civ. P. 12 (b) (2), such a defense is waived. Mass. R. Civ. P. 12 (h).

The order of the Appellate Division dismissing the report is reversed and the case is remanded to the District Court for further proceedings.

*Order dismissing*
*report reversed.*