Sherman, P.J.
This matter is before this Division upon the motion judge’s Dist./Mun. Cts. R. Civ. P., Rule 64(d) reportofhis interlocutory order denying defendant’s motion to dismiss and/or for summary judgment.
The calendar of events leading to the denial of the defendant’s motion is as follows:
1. On September 4,1986, Monica McKinley Nutter (“Nutter”), the plaintiff, was injured in a motor vehicle collision with the named defendant, Carlton Woodard (“Woodard”).
2. Timely notice of sad accident was given by Woodard to his insurer which *153 proceeded to negotiate with Nutter’s attorney for a settlement of the matter in the normal course.
3. Woodard died on August 3,1987.[1]
4. Woodard’s estate was pro bated under informal procedure pursuantto G.Lc. 195, §16 on or about September 13,1987. His mother, Mary Woodard, was appointed administratrix.
5. Woodard’s estate was closed prior to August 3,1989.
6. The plaintiff filed this suit on August 3,1989. The only named defendant was Woodard.
7. An answer was filed on behalf of the named defendant on October 24,1989.[2]
8. Neither plaintiffs counsel, counsel filing the answer on behalf of Woodard, nor Woodard’s insurer was aware of his death until November 9,1989.[3]
9. On November 16,1989, a motion was filed in Woodard’s name to dismiss the complaint, or in the alternative, to grant the defendant summary judgment on the grounds that the suit against the deceased defendant was a nullity.
10. On December 15,1989, Nutter moved to amend her complaint to substitute as defendant Mary Woodard as administratrix of the estate of Carlton. This motion has not been marked for hearing.
11. After hearing on November 9,1990, the trial court judge entered a ruling on February 7,1991, denying the defendant’s motion to dismiss.
We hold that such ruing was in error, that the motion to dismiss ought to have been allowed and that judgment is to be entered for the defendant
An action commenced against a deceased defendant is a nullty and the complaint filed cannot be amended after the statute of Imitations has run to relate back to the initial filing. Bateman v. Woods, 297 Mass. 485 (1937). Suit could not, therefore, have been brought in the present matter against Woodard, who was deceased.
Though the cause of action survived his death, obviously he could not be sued thereon after his death. The action was, in truth, brought against nobody, the purported service upon the person named in the writ as defendant... was a nullity (emphasis supplied) and the appearance and answer... puiporting to be in his behalf by his attorney could not bring him into coin! as a defendant Bateman v. Wood, 297 Mass. 483, 485.
Chandler v. Dunlop, 311 Mass. 1, 5 (1942).
It is the plaintiffs contention that the Chandler decision was weakened by the Supreme Judicial Court’s ruing in Holmquist v. Starr, 402 Mass. 92 (1988). However, a clear reading of Holmquist reveals that the Court merely crafted a narrow exception to the nullity doctrine. The Court factually distinguished Holmquist, holding that suit was properly brought in that case solely because of the following three factors:
1. Decedent’s executrix had legal existence at the time suit was brought;
2. Such executrix had actually received notice of the action; and
3. An answer was fiíed on behalf of the estate.[4]
Plaintiff Nutter argues that although her case does not match the Holmquist facts precisely, there are sufficient parallels to warrant this Division’s further restriction *154 and non-application of the nullity doctrine. We do not agree.[5] Although Woodard’s estate could have been reopened at the time the action was brought, it was not and there was, therefore, no one upon whom service could have been made. Nutter’s action was at all times a “nullity.”
The court’s denial of defendant’s motion to dismiss is reversed. Judgment of dismissal is to be entered for the defendant.

A suggestion of death was not filed until June 6,1990.

 We infer said answer was filed by Woodard’s insurer.

 There is an obvious typographical error in the report which sets said date as November 9, 1991.

 We do not doubt that the answer herein was filed by counsel for the insurance carrier who had no knowledge of Woodard’s death. We are, however, concerned that settlement negotiations continued with plaintiffs counsel who also was unaware of the defendants death. We question whether the failure to keep the plaintiff apprised of the defendants existence while negotiating as if he lived would violate G.L.C. 93A or c. 176D, §3(9).

 Our opinion is based on the well-settled law of this Commonwealth. The continued wisdom of such controlling precedent becomes questionable, however, when applied in a case where there has been no prejudice to the real party in interest (an insurance carrier) and where the plaintiffs demand was never in excess of the insurance policy limits.