MONICA MCKINLEY NUTTER *vs.* CARLTON WOODARD.

No. 92-P-126.

Essex. May 6, 1993. - June 16, 1993.

Present: ARMSTRONG, FINE, & GILLERMAN, JJ.

*Practice, Civil*, Death of party, Amendment. *Executor and Administrator*, Proceedings commenced after death of decedent.

In a negligence case in which the plaintiff, her attorney, the defendant's attorney and the insurer were unaware that the defendant had died before the complaint was filed and answered, the nullity doctrine, as set forth in *Chandler* v. *Dunlop*, 311 Mass. 1, 5 (1942), was inapplicable, where the legal representative of the estate was in existence and amenable to suit under the provisions of G. L. c. 197, § 9A, at the time the complaint was filed; where the legal representative had actual notice of the action; and where, in the circumstances, no showing was made of any prejudice resulting from not applying the doctrine. [598-600]

CIVIL ACTION commenced in the Haverhill Division of the District Court Department on August 3, 1989.

A motion to dismiss was heard by *Norman Brisson*, J.

*John S. Wessler* for the plaintiff.

*Alan D. Hoch* for the defendant.

FINE, J. According to the nullity doctrine, as set forth in *Chandler* v. *Dunlop*, 311 Mass. 1, 5 (1942), a complaint brought against a deceased person is one "brought against nobody," and, because such an action is void from the beginning, any subsequent amendment of the complaint does not relate back, for purposes of the statute of limitations, to the date of the initial filing. The issue before us is whether the instant case is governed by the nullity doctrine or, instead, by the reasoning in *Holmquist* v. *Starr*, 402 Mass. 92 (1988), which narrowed that doctrine.

On September 4, 1986, Monica M. Nutter suffered injuries in an automobile accident involving a vehicle operated by

Carlton Woodard, who was issued a traffic citation at the scene for going through a red light. A timely claim was filed by Nutter with Woodard's insurer, Safety Insurance Company, and negotiations commenced between the insurer and Nutter's attorney. Nutter filed the instant personal injury action in the Haverhill District Court on August 3, 1989, alleging damages, within the policy coverage, of $25,000, and naming only Woodard as a defendant. Service was made by a deputy sheriff by leaving a copy of the complaint at Woodard's last and usual place of abode in Lawrence, and by mail to the same address. An attorney retained by Safety Insurance Company filed an answer on Woodard's behalf on October 24, 1989. Unbeknownst to Nutter, her attorney, Woodard's attorney, and the insurer, Woodard had died, at the age of twenty-one, on August 2, 1987. His mother, of the same address, had filed a petition for voluntary administration of her son's estate on September 4, 1987, and distribution had been accomplished by September 15, 1987.

On November 20, 1989, after receiving a letter from Woodard's mother informing him of Woodard's death, Woodard's attorney filed a motion to dismiss this action or for summary judgment. On December 15, 1989, Nutter moved to amend the complaint to name Woodard's mother, in her capacity as administratrix, as defendant. Before that motion was acted upon, the District Court judge denied Woodard's attorney's motion to dismiss or for summary judgment, and an appeal was taken to the Appellate Division of the District Court. Reversing, and ordering Nutter's action dismissed, the Appellate Division relied on the nullity doctrine. It recognized that the doctrine had been held inapplicable in *Holmquist* v. *Starr*, 402 Mass. 92 (1988), but ruled that there were sufficient differences in the facts of *Holmquist* to make it inapplicable to the case at bar. The Appellate Division, however, questioned the "continued wisdom [of the nullity doctrine] . . . where there has been no prejudice to the real party in interest (an insurance carrier) and where the plaintiff's demand was never in excess of the insurance policy limits."

In *Holmquist*, a personal injury action was brought against a deceased person, and the issue was whether an amendment to substitute the executrix of the estate as a defendant related back to the date of the original filing. The court held that its previous decisions did not support application of the nullity doctrine because of the presence of the following circumstances: "(1) the representative of the deceased at the time the action was commenced had legal existence; (2) notice was given to the representative of the estate; [and] (3) an answer was filed on behalf of the estate." *Holmquist* v. *Starr*, 402 Mass. at 95.

The first two of the circumstances noted are substantially present in this case. At the time the present action was brought, there was a person in existence, Woodard's mother, against whom the action could have been brought. Although the estate had been closed by the time the action was commenced, a complaint could have been brought against the administratrix on Nutter's personal injury claim as a mere formality for bringing in the insurer, the only real party in interest. General Laws c. 197, § 9A, as amended through St. 1974, c. 234, permits suits for personal injuries to be commenced against an administratrix "provided that such action is commenced within three years next after the cause of action accrues, and provided further that any judgment recovered . . . may be satisfied only from the proceeds of a policy of insurance."[1] Nutter's claim was both timely under that

---

[1] Arguably, G. L. c. 197, § 9A, does not apply to estates voluntarily administered under G. L. c. 195, § 16. Considering both logic and the obvious legislative goal of protecting plaintiffs with legitimate claims, however, there is no reason why § 9A should not apply to such estates. In all such cases, the insurer is the only party with a real interest in defending the claim, and it should make no difference whether the particular estate is a large one or a small one.

An alternative basis for concluding that there was in existence a legal representative of the estate who could have been sued may be found in G. L. c. 195, § 16, as amended by St. 1955, c. 413, § 1, which provides that, for purposes of G. L. c. 175, § 113A, par. 6, "a voluntary administrator shall be deemed to be the legal representative of the estate of the deceased until an executor or administrator is appointed." Section 113A, par. 6, as amended through St. 1949, c. 693, provides that, "if such legal representative is appointed, the policy shall . . . cover such legal represen-

section and capable of being satisfied out of the insurance proceeds. As to the second requirement, there can be little doubt that the administratrix had actual notice of Nutter's claim. Woodard's mother lived at the address at which the complaint was served and, judging from the rapidity with which the answer was filed, she must have turned it over promptly to Safety Insurance Company.

Unlike the situation in *Holmquist*, however, the answer in this case was filed on behalf of Woodard and not his estate. The obvious reason the answer was not filed on behalf of the estate is that, like Nutter, the insurer and Woodard's attorney were unaware of Woodard's death. We do not see why this factual distinction should compel an outcome different from that in *Holmquist* as to the applicability of the nullity doctrine and its effect on the relation back of any subsequent amendment substituting the proper party. Had the amendment of Nutter's complaint been allowed, and had the administratrix then been served, the insurer would surely have seen to it that an answer was filed on the administratrix's behalf. Indeed, should the amendment now be allowed, service may still be made,[2] and an answer may still be filed by the insurer on behalf of the estate.

We see nothing in the reasoning in *Holmquist* to suggest that the factual distinction would be material. On the contrary, the *Holmquist* opinion, at 94, suggests that the nullity doctrine might have been given an overly broad application in *Chandler* v. *Dunlop*, 311 Mass. 1 (1942), and should never have been applied to a case in which a deceased person was sued while there was an administrator who could have been made a defendant. Further, in *Holmquist*, the court stressed that the result it reached was consistent with the legal principle which liberally allowed a late amendment to relate back to the date an action was filed to enable a party to maintain the action which he "originally intended to bring."

tative to the same extent as though he were named as the insured in the policy."

[2] If service cannot be made on the administratrix, it may be made on the Registrar of Motor Vehicles under G. L. c. 90, § 3D.

*Holmquist* v. *Starr*, 402 Mass. at 95, quoting from *Bengar* v. *Clark Equip. Co.*, 401 Mass. 554, 557 (1988).

If the nullity doctrine is inapplicable in this case, an amendment to the complaint to substitute Woodard's estate would relate back to the date of the initial filing. Mass.R.Civ.P. 15(c), 365 Mass. 762 (1974). G. L. c. 231, § 51, as amended by St. 1988. c. 141, § 1. The action against the estate would, therefore, be timely. G. L. c. 197, § 9A. At least where no showing is made that the mistake caused any prejudice, we think circumstances such as these do not call for application of the nullity doctrine. Had the circumstances been the same, except that some other person in addition to Woodard had been named as a defendant, there would be no question that a late amendment to substitute Woodard's estate would have related back to the date of the initial filing. See *Touzin* v. *Smith*, 6 Mass. App. Ct. 641, 644 (1978). For us to rule against Nutter in these circumstances would be to allow the insurer a windfall due to the fortuity that there was but one potentially negligent party for Nutter to sue and due to a mistake shared by both Nutter and the insurer.

Accordingly, the order of the Appellate Division dismissing the action is vacated, and the case shall be returned to the District Court for further proceedings. Although no basis for disallowing the motion to amend appears in any of the material presented to us, the parties have not had the opportunity to litigate the merits of that motion. Should the motion be allowed and service made, the case may proceed to trial.

*So ordered.*