DAVID H. WHITE vs. RONALD C. HELMUTH, executor.[1]

No. 96-P-2053.

Middlesex. February 11, 1998. - October 13, 1998.

Present: Kass, Smith, & Flannery, JJ.

*Practice, Civil,* Death of party, Service of process, Complaint, Amendment. *Executor and Administrator,* Proceedings commenced after death of decedent.

A Superior Court judge erred in dismissing a complaint naming as defendant a deceased representative of a tortfeasor's estate, where the plaintiff was entitled to and did amend the complaint as of right to name the deceased tortfeasor pursuant to the provisions of G. L. c. 197, § 9A. [635-636]

CIVIL ACTION commenced in the Superior Court Department on April 17, 1996.

The case was heard by *Isaac Borenstein,* J., on a motion to dismiss.

*Norma J. Brettell* for the plaintiff.

*Leslie R. Stern* for the defendant.

SMITH, J. On April 20, 1993, the plaintiff was involved in a motor vehicle accident with Ida E. Helmuth, who was operating the other vehicle. Ida Helmuth died on the day of the accident. On April 17, 1996, the plaintiff brought a complaint in the Superior Court naming Ronald C. Helmuth (Ronald), in his capacity as executor of the estate of Ida Helmuth, as defendant. Service was made by leaving the complaint and summons at Ronald's last place of abode in Hopkinton. No answer was filed, and Ronald was defaulted on June 6, 1996. The matter was then marked for a hearing regarding assessment of damages.

Safety Insurance Company (Safety) was the insurer of Ida Helmuth's automobile. On July 31, 1996, Safety filed a motion

[1] Of the estate of Ida E. Helmuth.

on behalf of Ronald to dismiss the plaintiff's complaint. The motion, filed pursuant to Mass.R.Civ.P. 12(b)(5) and 12(b)(6), 365 Mass. 755 (1974), stated that Ronald had died on February 15, 1994, and, therefore, the plaintiff's action was void under the nullity doctrine because the complaint failed to name a living person as a defendant.[2] The plaintiff responded that the motion to dismiss was improper because there was an outstanding default against Ronald, and, consequently, no action was pending. Safety then filed a motion to remove the default, which was subsequently allowed.

On September 20, 1996, the plaintiff filed an amended complaint naming Ida Helmuth as the defendant pursuant to G. L. c. 197, § 9A. The complaint was served on Safety. On October 2, 1996, a Superior Court judge allowed Safety's July 31, 1996, motion to dismiss the original complaint.[3] The judge did not state the grounds for his action, but the parties agree that the dismissal was based on the nullity doctrine.

Although the defendant's legal representative was deceased at the time the action was filed, the real party at interest here is the insurer. Safety does not dispute that it was promptly notified after the original complaint was filed, and does not claim that it was prejudiced, in any material way, as the events unfolded.[4] To rule against the plaintiff in these circumstances "would . . . allow the insurer a windfall . . . due to a mistake." *Nutter* v. *Woodward*, 34 Mass. App. Ct. 596, 600 (1993).

While the case at hand might, therefore, present an opportunity to extend the decisions in *Holmquist* v. *Starr*, 402 Mass. 92, 95 (1988), and *Nutter* v. *Woodward*, *supra*, and to narrow further the nullity doctrine,[5] we need not follow that path. This is because, in any event, G. L. c. 197, § 9A, as

---

[2]The nullity doctrine states that a complaint brought against a deceased person cannot be maintained because it is, "in truth, brought against nobody." *Chandler* v. *Dunlop*, 311 Mass. 1, 5 (1942).

[3]Upon reviewing the docket, it is apparent that the judge was not aware that the amended complaint had been filed when he acted on the motion to dismiss. Safety did not renew or amend its motion after service of the amended complaint. The order allowing the motion to dismiss could only have referred to the complaint and not to the amended complaint.

[4]Safety knew of Ronald's death within ten days of the filing of the plaintiff's complaint.

[5]In *Holmquist* v. *Starr*, *supra*, the court narrowed the nullity doctrine, ruling that the doctrine does not apply under circumstances where (1) the representative of the deceased had legal existence at the time the action was com-

amended through St. 1993, c. 319, permits the filing of an amended complaint in the circumstances presented by this case.[6] Under the statute, if an executor has not been appointed, an action for personal injuries filed over one year after the decedent's death may be filed against the decedent. Here, an executor had been appointed, but, because of his death, he could not perform that function. Therefore, the decedent was the proper party to be named as the defendant. In light of the fact that a party may amend his pleading once as a matter of course, see Mass.R. Civ.P. 15(a), 365 Mass. 761 (1974), the plaintiff's motion to amend his complaint should be allowed and construed to relate back to the date of its original filing.

The order allowing the defendant's motion to dismiss the plaintiff's complaint is vacated, the order removing the default is affirmed, and the case is remanded to the Superior Court for further proceedings on the amended complaint, which was filed on September 20, 1996.

*So ordered.*

menced; (2) notice was given to the representative of the estate; and (3) the estate filed an answer (or an answer was filed on its behalf).

In *Nutter* v. *Woodward, supra,* we narrowed the nullity doctrine even further. We ruled that the nullity doctrine was inapplicable even though no answer had been filed on behalf of the estate. A legal representative of the defendant's estate was in existence and amenable to a suit, and that representative had actual notice of the action at the time the plaintiff's complaint was filed. Further, there was no showing of prejudice. *Nutter* v. *Woodward, supra* at 598-600.

[6]That section provides as follows:

"Notwithstanding the provisions of section nine, an action for personal injuries or death, if commenced more than one year after the date of death of the deceased, may be brought against said executor or administrator, provided that such action is commenced within three years next after the cause of action accrues, and provided further any judgment recovered in any action so brought may be satisfied only from the proceeds of a policy of insurance or bond, if any, and not from the general assets of the estate.

"If an executor or administrator has not been appointed, then an action allowed under this section may be maintained without such appointment, and shall be maintained naming the decedent as the defendant. In such event any service of process that may be necessary shall be made upon the entity providing the insurance or bond."