Kottmyer, J.
This negligence action against Jeana Ward, d/b/a Jeana’s Dirty Dog Salon (“Dog Salon”), and James Perrine, Trustee of the Walden/Concord Nominee Trust (“Perrine”) was brought in the name of Francis McCusker (“McCusker”). On March 12, 1997, McCusker, a Dog Salon patron, fell on a set of steps leading to the Dog Salon, a dog grooming business located at 298 Concord Avenue, Cambridge, Massachusetts (“premises”). Both Dog Salon and Petrine, the owner of the premises, have moved for summary judgment on the grounds that the plaintiffs negligence claims fail as a matter of law because 1) the defendants had no duty to install a handrail; and 2) McCusker has not shown that defendants had notice of any foreign substance on the stairs. After a hearing, consideration of the parties’ submissions, and for the reasons given below, the defendants’ motions for summary judgment shall be allowed. While the defendants’ contentions appear to have merit, the court does not address them because the record reflects the action has been brought in the name of a deceased party who has no standing.

SUMMARY JUDGMENT RECORD

The material facts, as taken from the summary judgment record and viewed in the light most favorable to McCusker, are as follows. On March 12, 1997, McCusker, a Dog Salon patron, fell on Dog Salon’s steps. There are two concrete steps and a platform that lead to the entrance of the premises owned by Perrine and rented by Dog Salon. The steps and the platform are approximately four feet wide.
McCusker died of an unrelated illness before this complaint was filed. This suit has, however, been brought in his name and not by an executor or administrator. It was not until after McCusker’s death that his sons consulted counsel for purposes of bringing this suit. To date, no known probate proceedings have been initiated and there has been no motion by a personal representative to substitute himself or herself as the plaintiff in this action.

DISCUSSION

McCusker died prior to the filing of this complaint. After McCusker’s death, the cause of action was not extinguished, but could be brought by his executor or administrator. See G.L.c. 228, §1. A deceased person cannot bring a cause of action. Brooks v. Boston & No. Street Railway, 211 Mass. 277, 278 (1912). For this complaint to be properly filed, the administrator or executor must institute the suit. See G.L.c. 260, §10. According to G.L.c. 260, §10 a claim may be brought by an administrator or executor of an estate within two years after giving a bond. This Section would permit an administrator or executor to file a cause of action if such person has filed a bond within two years of the filing of this complaint. Where suit is brought in the name of a deceased person, an administrator appointed after the suit was filed has no right of substitution as the suit is a nullity. See Holmquist v. Starr, 402 Mass. 92, 94 (1988) (discussing Brooks, 211 Mass. 277). “[W]here ... no person can be plaintiff and the cause of action is in suspense, an action cannot be instituted. If no action can be instituted there is nothing to amend.” Brooks, 211 Mass. at 279.[2]

ORDER

For the foregoing reasons, it is hereby ORDERED that the defendants’ motions for summary judgment *379 are ALLOWED on the ground that the suit has not been brought by a person with capacity to sue.

 There is no evidence in the record that an administrator or executor of McCusker’s estate had been appointed at the time the complaint was filed.