MARGOT XARRAS, trustee,[1] *vs.* JAMES T. MCLAUGHLIN,
administrator,[2] & others.[3]

No. 05-P-955.

Worcester. March 14, 2006. - July 21, 2006.

Present: LAURENCE, BERRY, & DOERFER, JJ.

*Practice, Civil,* Parties, Death of party, Amendment. *Limitations, Statute of. Executor and Administrator,* Short statute of limitations, Appointment, Proceedings commenced after death of decedent.

The statute of limitations provided in G. L. c. 197, § 9, requiring a creditor to commence an action against an estate within one year of the date of death of the deceased, did not preclude the amendment of an action to add as a defendant the administrator of a decedent's estate after the limitations period had passed, where the action had been commenced against two other viable defendants (as well as the decedent) before the expiration of one year; therefore, summary judgment in favor of the defendants was not warranted. [800-803]

CIVIL ACTION commenced in the Superior Court Department on February 3, 1999.

Motions for summary judgment were heard by *John P. Connor, Jr.,* J., and *Leila R. Kern,* J., and entry of final judgment was ordered by *Timothy S. Hillman,* J.

*John M. Dombrowski* for the plaintiff.

*Andre A. Sansoucy* for the defendants.

DOERFER, J. Herbert Armstrong, one of the parties against whom the complaint in this case was filed in the Superior Court on February 3, 1999, had, unbeknownst to the plaintiff, died on July 4, 1998.[4] There was no personal representative of Arm-

---

[1]Of Sargent Road Realty Trust.

[2]Of the estate of Herbert Armstrong.

[3]L.J. Insurance Agency and Utica Mutual Insurance Company, also known as Utica National Insurance Group.

[4]The substance of the allegations against the decedent was negligent service

strong's estate at the time the complaint was filed. The plaintiff became aware of the decedent's death some months later.[5]

By the time James T. McLaughlin was appointed administrator of Armstrong's estate on June 10, 1999, and the plaintiff succeeded in amending the complaint to add the administrator as a party, the short one-year statute of limitations under G. L. c. 197, § 9, requiring a creditor to commence an action against an estate within one year of the date of death, had expired.

The administrator filed a motion for summary judgment that was allowed.[6] L.J. Insurance Agency (L.J.) and Utica Mutual Insurance Company (Utica) then moved for summary judgment. Their motion was also allowed and judgment entered for all the defendants. We conclude that the amendment of the complaint adding the administrator as a party related back to a time prior to the expiration of the short statute of limitations, that there was a viable action pending against other parties at that time, and thus that the action should be allowed to proceed against all parties on the merits.

*Discussion.* Any claims against an estate must be brought by a creditor within one year of the date of death of the deceased. G. L. c. 197, § 9. See *Cross* v. *Hewitt*, 52 Mass. App. Ct. 538, 540 (2001). The problem here arises from the legal doctrine that a legal proceeding against a deceased person is a nullity. See *Chandler* v. *Dunlop*, 311 Mass. 1, 5 (1942). Compare *Holmquist* v. *Starr*, 402 Mass. 92 (1988) (narrowing the applicability of the nullity doctrine). Thus the filing of a claim, ordinarily

---

of a commercial sprinkler system resulting in water damage to a commercial building on December 17, 1997. The claim against L.J. Insurance Agency (L.J.), an insurance broker, was for failing to obtain insurance for the decedent. The claim against Utica Mutual Insurance Company (Utica), the insurer who provided errors and omissions coverage to the broker, was for unreasonably refusing to settle the claims against L.J.

[5]In April, 1999, McLaughlin (not yet appointed as administrator) notified the plaintiff's counsel that the decedent had died and informed him that the decedent's wife, who had been the estate's executrix for a short time, had also died.

[6]The judge reasoned that the original complaint as brought against the decedent, after he died and prior to any appointment of a representative of his estate, was a nullity; that the amended complaint therefore could not relate back to the date of initial filing; and thus that the amended complaint against the administrator was barred by the one-year statute of limitations, G. L. c. 197, § 9.

sufficient to toll a statute of limitations, does not have that effect if such a proceeding is a nullity and void from the beginning. See *Nutter* v. *Woodard*, 34 Mass. App. Ct. 596, 596 (1993).[7]

However, if other parties (not dead) are named in the original complaint one cannot say that the proceeding is a nullity. *Touzin* v. *Smith*, 6 Mass. App. Ct. 641, 644 (1978). Contrast *Chandler* v. *Dunlop*, 311 Mass. at 8 (applying the nullity doctrine where the only defendant named in the original action was dead). There is certainly an absence of the deceased as a party. But the claim against the deceased may be pursued by a motion to amend the complaint to substitute the personal representative of his estate as a party. See *Touzin* v. *Smith, supra* at 645 (amendment to make the executrix a party was properly allowed where the action had commenced against two other parties before the one-year statute of limitations expired); *Nutter* v. *Woodard, supra* at 600 (If "some other person in addition to [the deceased defendant] had been named as a defendant, there would be no question that a late amendment to substitute [the deceased defendant's] estate would have related back to the date of the initial filing"). "[T]he broad powers of amendment characteristic of our practice permit the addition of a defendant which relates back to the commencement of an action, timely brought against other defendants, although an independent action against that defendant would have been barred by a statute of limitations." *Touzin* v. *Smith, supra* at 644. See G. L. c. 231, § 51. See generally *Ramirez* v. *Graham*, 64 Mass. App. Ct. 573, 577 (2005), quoting from *National Lumber Co.* v. *LeFrancois Constr. Corp.*, 430 Mass. 663, 671 (2000) ("Massachusetts practice is more liberal than other jurisdictions in allowing amendments adding or substituting defendants after expiration of a period of limitations").

Here the plaintiff, who had not known of the decedent's death, filed a timely complaint against three defendants: the

---

[7]"According to the nullity doctrine, as set forth in *Chandler* v. *Dunlop*, 311 Mass. 1, 5 (1942), a complaint brought against a deceased person is one 'brought against nobody,' and because such an action is void from the beginning, any subsequent amendment of the complaint does not relate back, for purposes of the statute of limitations, to the date of the initial filing." *Nutter* v. *Woodard, supra* at 596.

decedent, L.J., and Utica. L.J. and Utica filed timely answers in response to the original complaint. As this case was filed against two viable defendants in addition to the decedent, the original complaint was not rendered a nullity.[8] The amendment substituting the administrator for the decedent thus related back to the date of the initial filing of the complaint for purposes of the statute of limitations.

We further observe that the administrator was not (and does not claim to be) prejudiced by the amendment of the complaint to include him as a defendant. See *Nutter* v. *Woodard,* 34 Mass. App. Ct. at 600; *White* v. *Helmuth,* 45 Mass. App. Ct. 634, 635 & n.5 (1998); *Cross* v. *Hewitt,* 52 Mass. App. Ct. at 542. The administrator was aware of the pending complaint against the decedent. See *Nutter* v. *Woodard, supra* at 599. Contrast *Ramirez* v. *Graham, supra* at 579 ("The new defendants had no knowledge that they were destined to become participants in the action . . ."). Moreover, the administrator (prior to his appointment) requested and received from plaintiff's counsel, as a courtesy, time to extend the filing of the answer.[9] Later, the plaintiff (through counsel) also assented to a motion to remove a default entered against the decedent. The administrator cannot

[8]The defendants argue that the claims set forth against L.J. and Utica, as derivative of the claims against the decedent, cannot be used as a vehicle to determine that the nullity doctrine is inapplicable. We do not agree. Our case law does not require that all defendants named in the original complaint (in addition to the decedent) be *directly* liable for causing the immediate damages or injury. Indeed, in *Touzin* v. *Smith, supra* at 642, one of the original three defendants was the corporation that owned the taxicab in which the plaintiff was riding when injured. Here, the original action was not "brought against nobody," *Chandler* v. *Dunlop, supra* at 5, but rather, on the facts of this case, viable claims were properly and timely commenced against two other defendants. Contrary to cases like *Ramirez* v. *Graham, supra* at 576, 579 (where the action improperly continued against three new defendants after the sole original defendant was eliminated from the case), this case does not present a situation in which the original defendant "was used simply as a vehicle to enable the initiation of proceedings against other parties." Whether the viable claims later drop out on the merits should not undermine the right of the claim against the decedent estate to relate back to the filing of the original pleading. We note that the claims here are not, in any event, derivative in the sense that the additional defendants are liable if and only if the decedent is first adjudicated to be liable.

[9]The case was further complicated due to the death of the decedent's wife shortly after becoming executrix of the estate.

claim a defense of the statute of limitations when he has been involved in running down the clock resulting in further delay. Cf. *Turner* v. *Minasian*, 358 Mass. 425, 427 (1970) (no allegation that the defendant administrator delayed unduly in filing his appearance).

*Conclusion.* Since the nullity doctrine is inapplicable to the facts of this case as there were other viable defendants and claims, the original complaint remained valid. The amendment of that complaint, which was properly allowed, related back to the initial filing and is thus considered to be timely made. The defendants were not entitled to summary judgment.

*Judgment reversed.*