Troy, PaulE., J.
INTRODUCTION
The plaintiff, Regina Zwidra (“Zwidra”), brings this case, via her conservators, against the defendant, Bogumila Mazurek (“Mazurek”). Zwidra is seeking to recover $87,000 for money that she lent to Mazurek. This case is currently before the court on the Defendant’s Motion for Summary Judgment and the Plaintiffs Motion for Summary Judgment. For the reasons set forth below, the Defendant’s Motion is ALLOWED as to the first loan and DENIED as to the second loan and the Plaintiffs Motion is DENIED as to both loans.
BACKGROUND
Zwidra extended a loan to Mazurek in 1994, which Mazurek and her then husband used to purchase a house. The parties signed a promissory note for this loan in which Mazurek promised to repay the $20,000 plus $4,000 in interest via monthly installments of $500 beginning on January 15, 1995 and ending on December 15, 1998. Mazurek claims in her answers to interrogatories that she repaid this loan in its entirety in accordance with these terms. Zwidra has not presented any evidence of non-payment of this loan.
Sometime following the first loan, but before 1999, Zwidra extended a second loan to Mazurek. Neither party can recall the exact amount or terms of this loan and the loan agreement was not put in writing at the time it was made. Mazurek alleges that the only specific characteristic of this loan that she can recall is that the parties agreed that it was not to be paid back within one year. Mazurek also alleges that she made several payments on this loan but stopped all payments in May 1999. The plaintiff has presented no evidence regarding any payment or non-payment of this loan.
On September 18, 2001, the Suffolk County Probate and Family Court issued a judgment of divorce as to Mazurek and her now ex-husband. In this judgment, the Court assigned to Mazurek a debt of $27,000 owed to Zwidra. This $27,000 debt was listed in the financial statements submitted to the court by Mazurek and her ex-husband during the divorce. Mazurek claims that shortly after the judgment she and Zwidra discussed whether this, the second loan, had to be repaid, but never came to a conclusion. The parties then allegedly never spoke of the loan again and Mazurek never made any payments on the loan.
Zwidra filed the instant case on December 27,2007. The motions at issue here were filed on May 26, 2009. Zwidra currently suffers from Severe Alzheimer’s Dementia. She has submitted a letter from a doctor stating the she has been suffering from progressive Alzheimer’s disease since at least January 28, 2005. Zwidra cannot manage her personal affairs or participate in the prosecution of her case.
DISCUSSION
I.Summary Judgment Standard
The court will allow summary judgment where there are no genuine issues of material fact and where the record entitles the moving party to judgment as a matter of law. See Mass.RCiv.P. 56(c), as amended, 436 Mass. 1404 (2002); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of establishing that there is no issue of material fact on every relevant issue. See Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A parly moving for summary judgment who or which does not bear the burden of proof at trial may demonstrate the absence of a genuine dispute of material fact for trial either by submitting affirmative evidence negating an essential element of the non-moving party’s case, or by showing that the non-moving party has no reasonable expectation of proving an essential element of its case at trial. See Flesner v. Tech. Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). It is necessary, however, for the summary judgment movant “to show by credible evidence from . . . affidavits and other supporting materials that there is no genuine issue of material fact and that [the party is] entitled, as matter of law, to a judgment.” Smith v. Massimiano, 414 Mass. 81, 85 (1993) (citations omitted).
II.The First Loan
With respect to the first loan, Mazurek has submitted evidence, via her answers to interrogatories, that she paid in full according to the terms of the loan. Zwidra has presented no evidence to rebut this assertion nor has she shown that she will be able to rebut this assertion in the future. Summary judgment for the defendant is appropriate, therefore, as to the first loan.
III.The Statute of Limitations Defense
When the statute of limitations is pled by a defendant, the plaintiff has the burden to show that an action was commenced within the appropriate time. *223 Breen v. Burns, 280 Mass. 222, 228 (1932). The statute of limitations for this contract action is six years from the time that the cause of action accrued. G.L.c. 260, §2. A cause of action in contract accrues at the time of breach, or if the debt is payable in installments, the cause of action for each installment accrues at the time it becomes due. J&T Enter., Inc. v. Liberty Mut. Ins. Co., 384 Mass. 586, 586-87 (1981); Berezin v. Regency Sav. Bank, 234 F.3d 68 (1st Cir. 2000). The six-year statute of limitations is modified by G.L.c. 260, §7, which provides, “If the person entitled thereto is a minor, or is incapacitated by reason of mental illness when a right to bring an action first accrues, the action may be commenced within the time hereinbefore limited after the disability is removed.” Mental illness under G.L.c. 260, §7 is “ ‘any mental condition which precludes the plaintiffs understanding the nature or effects of his acts’ and thus prevents him from comprehending his legal rights.” Pederson, 404 Mass. at 16, quoting Hornig v. Hornig, 6 Mass.App.Ct. 109, 111 (1978).
An action is commenced when the claim is filed in court. Xarras v. McLaughlin, 66 Mass.App.Ct. 799, 800-01 (2006). This can be achieved by mailing the complaint and filing fee to the clerk by registered or certified mail or by filing the complaint and filing fee with the clerk in person. Mass.RCiv.P. 3, as amended, 385 Mass. 1215 (1982).
With regard to the first loan, as well as failing to present evidence of payment, the plaintiff has not met her burden of showing that she filed this action before the statute of limitations had run. Under the terms of the first loan, payments were due in installments with the last installment due in 1998. The breach, and trigger of .the statute of limitations, therefore would have occurred sometime between 1995 and 1998 when Mazurek missed one of her installment payments. It has been more than six years since 1998, even accounting for Zwidra’s mental decline, beginning in January 2005. The contract claim as to the first loan, therefore, is untimely.
As to the second loan, neither party can recall the terms of the loan agreement. Mazurek claims that she made several payments toward this loan before May 1999. The loan was assigned to Mazurek during her divorce in September 2001. Neither of these dates, however, necessarily triggered the statute of limitations, which only begins to run when there has been a definite repudiation of the loan agreement. Because the terms of the loan agreement are unclear in this case, there is no evidence that there has been a definite breach. There is a genuine issue of material fact here, then, as to what the terms of the second loan were and whether or not there has been a breach of that loan as to trigger the statute of limitations. Summary judgment, therefore, is inappropriate.
IV. Statute of Frauds[1]
Under Massachusetts law, an oral contract is enforceable in court unless the statute of frauds requires such a contract to be in writing. The statute of frauds provides,
No action shall be brought:... [u]pon an agreement that is not to be performed within one year from the making thereof . . . [u]nless the promise, contract or agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the parly to be charged therewith or by some person thereunto by him lawfully authorized.
G.L.c. 259, §1. To satisfy this statute of frauds, a memorandum must (1) reasonably identify the subject matter of the contract, (2) indicate that a contract with respect to this subject matter has been made between the parties, (3) state with reasonable certainty the essential terms of the unperformed promises in the contract, and (4) be signed by or on behalf of the party to be charged. Des Brisay v. Foss, 264 Mass. 102 (1928); Harrington v. Fall River Hous. Auth., 27 Mass.App.Ct. 301 (1989). The memorandum, however, does not need to be a formal document, nor does it need to include a time for performance. Des Brisay, 264 Mass. 102; Michelson v. Sherman, 310 Mass. 774 (1942). It is also permissible to make the memorandum after the time of the actual contracting. Restatement (Second) of Contracts §136. Whether a writing satisfies these requirements is a question of law for the court. Simon v. Simon, 35 Mass.App.Ct. 705, 709 (1994).
When a defendant pleads the statute of frauds, the burden shifts to the plaintiff to prove compliance or to prove that the contract in question is not within the statute of frauds. Beaver v. Raytheon Mfg. Co., 299 Mass. 218 (1938). “Proof sufficient to override the purposes behind the Statute of Frauds . . . must be clear and persuasive.” Ryan v. Ryan, 419 Mass. 86, 92 (1994). The statute of frauds cannot be used by the parties as a shield from or instrument of fraud. Restatement (Second) of Contracts §131 comment c.
The parties did not put any of the terms of the second loan into a writing at the time the loan was made. Mazurek did, however, list the loan as a liability on the financial statement that she submitted to the court during her divorce. The Suffolk County Probate and Family Court assigned this debt to her in the final judgment of divorce, issued September 18, 2001. Mazurek contends that these writings are not sufficient to satisfy the statute of frauds. She argues that this documentation is not reliable or convincing evidence of the loan because it does not describe the parties or delineate the terms of the loan agreement. Zwidra counters that a court decision is inherently reliable and convincing and must be followed as stare decisis. Zwidra further contends that Mazurek is trying to use the statute of frauds improperly, to perpet *224 uate a fraud, by denying the accuracy of a court decision listing a liability that she admitted having during her divorce proceedings.
Mazurek’s financial statement and the Suffolk County Probate and Family Court judgment satisfy the statute of frauds. These documents reasonably identify that a loan was extended by Zwidra to Mazurek in 1995, on which Mazurek still owes $27,000. The financial statement was signed by Mazurek, as the party to be charged. As the statute of frauds is satisfied through this documentation, summary judgment for Mazurek is inappropriate.
ORDER
It is therefore ORDERED that the Defendant’s Motion for Summary Judgment is ALLOWED as to the first loan and DENIED as to the second loan and the Plaintiffs Motion for .Summary Judgment is DENIED as to both loans.

There is no statute of frauds issue as to the first loan, which was memorialized in a promissory note, signed by both Zwirda and Mazurek, in 1994.