Welsh, J.
This is an action by a passenger of a motor vehicle to recover personal injury protection (PIP) benefits.
On May 25, 1997, the plaintiff was a passenger in a car insured by the defendant. A collision occurred resulting in bodily injury to the plaintiff. The defendant requested that the plaintiff submit to an independent medical examination with Dr. Robert Levine on September 29,1997. In response to the request, the plaintiff appeared at the medical office of Dr. Levine at the appointed time. The plaintiff, a person of Chinese origin for whom English is a second language, requested (at the suggestion of her counsel) that the interview portion of the examination be tape recorded. Dr. Levine refused to permit the tape recording and the examination was terminated. The defendant ceased paying PIP benefits as of that date.
The defendant’s answer claims that the plaintiff should be denied further PIP benefits based upon her failure to cooperate in the independent medical examination requested by the defendant.
The plaintiff and defendant filed motions for summary judgment. The court allowed the plaintiffs motion and entered judgment for the amount of the PIP benefits sought plus attorney’s fees agreeable to G.L.c. 90, §34M. The court denied the defendant’s motion for summary judgment, ruling, in effect, that the action of the plaintiff did not constitute a refusal to cooperate with the independent medical examination.
We affirm the actions of the motion judge. There was nothing in the materials submitted in connection with the motions for summary judgment that suggested *314 that the objective of the examination would be thwarted or impeded by the tape recording of the examination interview. G.L.c. 90, §34M, paragraph 2, provides that the injured person shall submit to physical examination by physicians selected by the insurer as often as may be reasonably required and shall do all things necessary to enable the insurer to obtain medical reports and other needed information to assist in determining the amounts due. Non-cooperation of an insured party constitutes a defense to the insurer in any action for PIP benefits.
Generally, cooperation clauses in insurance policies are enforced by the courts with notable rigor. See Brito v. Liberty Mutual Insurance Company, 44 Mass. App. Ct. 34, 38 (1997), and cases cited; Hodnett v. Arbella Mutual Ins. Co., 1996 Mass. App. Div. 131, 133 (insurer not required to demonstrate prejudice in order to disclaim coverage for PIP benefits on grounds that claimant failed to cooperate with insurer’s efforts to obtain an independent medical examination). Compare Darcy v. Hartford Ins. Co., 407 Mass. 481 (1995), holding insurer required to demonstrate prejudice for non-cooperation to be a defense. It does not follow that an injured party must unconditionally submit to examination no matter what the circumstances are and without any preconditions or forfeit any claim for PIP benefits. The statute clothes the requirement to submit in the mantle of reasonableness. In this case, the PIP claimant had some difficulty with English and had sought to tape record the examination for her protection at the suggestion of her attorney. This might be the only record available to the claimant should she need to rebut or mitigate the force of the report in subsequent court proceedings. There was no indication that her request would have impeded the doctor or made the examination less effective or more cumbersome.
On appeal, the defendant orally argued that the doctor had a privilege to refuse to have his conversation tape recorded. During oral argument, defendant conceded that this point was not raised before the motion judge. Accordingly, we decline to treat with the question. See York v. Sullivan, 369 Mass. 157, 161 (1975). Furthermore, it is conceivable that another physician might be readily available who would not object to the tape recording.
We affirm the actions of the judge denying the defendant’s motion for summary judgment and awarding summary judgment to the plaintiff.
So ordered.