Coven, J.
This is a Dist/Mun. Cts. R A D. A, Rule 8C, appeal of the entry of judgment for defendant Liberty Mutual Insurance Company (“liberty”) on the plaintiffs G.L.c. 90, §34M, claim for Personal Injury Protection (“PIP”) benefits. The sole issue presented by the plaintiffs appeal is whether the plaintiff failed to *57 “submit to [a] physical examination” as required by §34M[1] when the physician selected by Liberty refused to proceed with the examination because the plaintiff intended to make an audio recording of it
The facts are undisputed. Plaintiff Henry Velez, Jr. (“Velez”) is insured under an automobile policy issued to him by Liberty. On September 30, 1999, Velez sustained personal injuries when his automobile was struck by another vehicle. As a result of his injuries and subsequent medical treatment, Velez submitted an application to Liberty for PIP benefits. Liberty exercised its statutory right to have Velez examined by a doctor of its choice. Liberty made arrangements for the examination, and Velez appeared at the scheduled time on November 23, 1999. Velez, whose primary language is Spanish, brought an audiotape recorder with him to the examination. Liberty’s selected physician refused to proceed if the examination was to be recorded.[2] Velez insisted on the audio recording, and no exam took place on that date.
While there existed a pool of other physicians with whom Liberty could have rescheduled the examination, Liberty instead arranged for a second examination date with the same doctor. The doctor again asserted that Velez would not be allowed to make an audio recording of the examination under any circumstances. Therefore, Velez, who would not undergo an unrecorded examination, did not appear on the second scheduled date.[3] liberty, asserting that Velez had failed to cooperate by not agreeing to an unrecorded examination, refused to pay Velez’s medical bills.
1. Liberty’s initial argument is that its physician’s refusal to examine Velez was proper because it was founded upon overriding privacy rights that are recognized in G.L.c. 272, §99. There is no question, as recognized by the Legislature in the Preamble to §99, that electronic recording devices pose “grave dangers to the privacy of all citizens of the commonwealth.” However, as the Preamble makes clear, the evil prohibited by §99 is the secret recording of oral communications by private citizens. (“[T]he secret use of [electronic] devices by private individuals must be prohibited.”). See also Commonwealth v. Jackson, 370 Mass. 502 (1976) (restrictions on the use of electronic recording devices by private citizens apply only to the secret use of such devices). Liberty readily adinits that Velez never, at any time, attempted to make a secret recording of the examination. liberty’s conten *58 tion is, therefore, devoid of merit
2. The dispositive question under G.L.c. 90, §34M is whether an insured may-make an audio recording of a physical examination ordered and arranged for by an insurer. Velez directs our attention to Wang v. Liberty Mat. Ins. Co., 2000 Mass. App. Div. 313, which was decided after the trial judge ruled in this case.[4] It was decided in Wang, under virtually identical circumstances,[5] that the action of the insured in insisting upon an audio recording of the examination did not, in light of the physician’s refusal to examine the insured under those circumstances, constitute a refusal to cooperate with the medical examination justifying the insured’s refusal to pay the plaintiffs PIP claim. As was true in Wang, there is nothing in the present case to suggest “that the objective of the examination would he thwarted or impeded by the tape recording of the examination interview.” Id. at 313-314. Moreover, as noted in Wang, while an insured does have a duty to “submit” to an examination by a physician selected by the insurer, “[i]t does not follow that an injured party must unconditionally submit to examination no matter what the circumstances are and without any preconditions or forfeit any claim for PIP benefits.” Id. at 314.
Although the specific issue presented appears not to have been addressed by a higher appellate court in Massachusetts, the concept underpinning the case is not novel. The issues surrounding physical examinations conducted by an adverse party arise not infrequently in federal forums in connection with Fed. R Civ. R, Rule 35. We conclude that audio recording devices should be allowed, at least “where such a presence is the only objectively valid means to determine the examination’s events.” Wyatt & Bales, The Presence of Third Parties at Rule 35 Examinations, 71 Temple L. Rev. 103, 129 (1998). Such a showing has been made in the present case. Velez spoke Spanish as his primary language, and wished to insure an accurate record for counsel of an examination undertaken by an adverse party and performed by a physician, selected by the adverse party, whose primary language was not Spanish.
We stress that our ruling is limited to the specific facts of this case. While there may be other reasonable grounds for the assertion of a right to make an audio tape recording of a G.L.c. 90, §34M examination, we caution against any interpretation of our ruling as an automatic carte blanche to every insured to insist, for example, upon his own physician, his attorney,[6] other third person or other type of recording device at a §34M examination.
The trial courfs judgment for the defendant is hereby reversed and vacated. Judgment is to be entered for the plaintiff.
So ordered.

 The statute provides, in relevant part, “The injured person shall submit to physical examinations by physicians selected by the insurer as often as may be reasonably required and shall do all things necessary to enable the insurer to obtain medical reports and other needed information to assist in determining the amount due. Noncooperation of an injured party shall be a defense to the insurer in any suit for benefits authorized by this section.... “
There was some reference to a contractual obligation imposed upon the parties under the Standard Massachusetts Automobile Insurance Policy, 6th Edition, which was issued to the plaintiff by liberty. The policy was not, however, made part of the record appendix submitted to us. Neither party has argued that there is any meaningful difference between the contractual obligation and that found in §34M. We do not, therefore, rule on any argument based upon the contractual obligation.

 We infer from the parties’ arguments that the selected physician’s primary language was not Spanish.

 The law does not require the performance of a useless act Fortune v. National Cash Register Co., 373 Mass. 96, 107-108 (1977). In any event it is agreed that the issue to be decided is not dependent upon the timing of the examination. The issue is whether the insured failed to submit to an examination by asserting a right to record the examination.

 Judgement was entered for Liberty in this case on May 22, 2000. Wang was decided almost six months later on November 15, 2000.

 The only differences are that in Wang, the plaintiff spoke Chinese as his primary language, and no second examination date was scheduled.

 See J.W. SMITH & H.B. ZOBEL, RULES PRACTICE, §35.5 (1975) (Under Mass. R Civ. R, Rule 35, attorney’s presence may be helpful to prevent the examination from focusing on the question of liability).