Welsh, J.
The plaintiff appeals, agreeable to Rule 8B, Dist./Mun. Cts. R.A.D.A., the motion judge’s allowance of a motion to dismiss by reason of failure to effect service upon the defendant or her legal representative within the time permitted by law. Rule 12(b) (5) and Rule 4(j), Mass. R. Civ. P.
We determine that there was prejudicial error. We vacate the order dismissing the action, and remand the case to the Brockton District Court for issuance of process to Arbella Insurance Company as insurer for Cheryl Reid.
The pertinent facts, as gleaned from the statement of agreed facts and from other undisputed facts of record, are as follows:
On or about May 17, 1994, plaintiff sustained personal injuries as a result of a collision with an automobile allegedly negligently operated by Cheryl Reid. On or about May 15,1997, plaintiff commenced an action sounding in negligence for personal injury in the Brockton District Court. The action was brought against Cheryl Reid.[1] The plaintiff learned from Registry of Motor Vehicles records that defendant had designated an address in Punta Gorda, Florida as a forwarding address. No other residential address was listed. The plaintiff attempted to serve the defendant at the Florida address agreeable to G.L.c. 223A, the “Long Arm Statute.” A certified letter was mailed to the defendant at that address. On May 27, 1997, the mailing was received by Gloria Semedo, who was the mother of Cheryl Reid. The mother in response forwarded to plaintiffs counsel a certified copy of a death certificate, indicating that Cheryl Reid had died in Boston on February 27, 1997. No executor or administrator was ever appointed. The plaintiff filed a suggestion of death and sought by motion to substitute Gloria Semedo, the defendant’s mother, as personal representative for purposes of this litigation. On May 14, 1998, plaintiff sought permission to amend the complaint by adding a count against Arbella Insurance Company, the defendant’s insurer.
The motion judge denied the motion to amend the complaint and allowed the motion to dismiss the action based upon failure to make timely service upon a proper defendant.
1. Since this appeal proceeds by way of a statement of agreed facts, we deal with it anew, unaffected by any conclusions of law or inferences drawn by the motion judge. Richardson v. Lee Realty Corp., 364 Mass. 632, 634 (1974). Since the same record that the judge considered is before us, all questions of law presented by the record are open for consideration unaffected by any rulings the judge may have *62 made. Mahoney v. Board of Assessors of Watertown, 362 Mass. 206, 211 (1972). Since the case is entirely documentary, nothing depends upon credibility of witnesses. See Fiduciary Trust Co. v. Mishou, 321 Mass. 615, 621 (1947). In short, all questions of law, fact or discretion are open for review on the record presented. Caissie v. Cambridge, 317 Mass. 346, 347 (1944).
2. The defendant’s principal argument is that the nullity doctrine as set forth in cases like Chandler v. Dunlop, 311 Mass. 1, 5 (1962) required the motion judge to dismiss the case. We reject this conclusion. The nullity doctrine states that a complaint brought against a deceased person cannot be maintained because it is brought against a non-existent person. Id. at 5. The continued viability of this doctrine may rightly be called into question in view of Holmquist v. Starr, 402 Mass. 92, 95 (1988). In Holmquist the court held that the doctrine is inapplicable where the representative of the deceased had legal existence at the time the action was commenced and notice was given to the representative of the estate and the estate filed an answer. In Nutter v. Woodward, 34 Mass. App. Ct. 596 (1993), the nullity doctrine was further narrowed. A legal representative of the estate was in existence and that representative had actual notice at the time the complaint was filed. There was no showing of prejudice. Id. at 598-600.
Finally, in a case factually similar to the present case, it was held that a dismissal based upon the nullity doctrine was erroneous. White v. Helmuth, 45 Mass. App. Ct. 634 (1998). In that case, service at last and usual place of abode was attempted on the husband of the decedent who had been appointed executor of the decedent’s estate. The husband had died prior to the attempted service and no administrator de bonis non was ever appointed. Damages were assessed upon the default of the executor. Upon motion of the decedent’s insurer, the judge dismissed the case on the basis of the nullity doctrine. The appeals court reasoned that although the decedent’s legal representative was himself deceased at the time of attempted service upon him, the real party in interest was the decedent’s insurer who had prompt notice of the claim and who did not claim it was prejudiced in any material way. To rule against the plaintiff in such circumstances would allow the insurance company a windfall due to a mistake. Id. at 635.
G.Lc. 197, §9A, as amended through St. 1993 c. 319 permits the filing of the amended complaint sought by the plaintiff.[2] That statute provides, in part, that an action for personal injuries may be maintained so long as it is commenced within three years after the cause of action accrues, with satisfaction limited to the proceeds of insurance covering such loss. If no personal representative has been appointed, the action may be maintained without such appointment in the name of the decedent as the defendant. In such event, service of process may be made upon the insurance company.
The insurance company may well be able to sustain its burden of showing prejudice by lack of timely notice. In such a case, the insurer has the burden of identifying the precise manner in which its interests have been compromised by lack of timely notice. Darcy v. Hartford Ins. Co., 407 Mass. 481, 486-487 (1990).
The order dismissing the complaint is vacated. Appropriate process is to issue to Arbella Insurance Company as insurer for Cheryl Reid agreeable to G.L.c. 197, §9A. The cause is remanded for further proceedings in accordance with this opinion.
So ordered.

 There was a misnomer which was corrected upon motion. It is immaterial to this appeal.

 Action is brought in the name of the decedent, but service should be made on the insurer. G.L.c. 197, §9A.