LoConto, P.J.
The plaintiffs, health care providers,[1] brought suit seeking recovery for services rendered to the defendant’s insured pursuant to G.L.c. 90, §34M. In a jury waived small claims trial, the trial judge determined that the noncooperation defense created by the statute does not limit a healthcare provider’s right to claim a contract between itself and an insurance carrier prior to the carrier’s notifi *128 cation of its intent to deny coverage. Aggrieved by the trial judge’s Findings and Rulings, the defendant, Arnica Mutual Insurance (“Arnica”), commenced this District/Municipal Courts Rules for Appellate Division Appeal, Rule 8C, appeal.
Background. On January 6, 2000, Frank Archeval reported to his insurance company, Arnica, that he had been involved in a single motor vehicle accident on the afternoon of January 1, 2000. He testified at his deposition that the vehicle he operated slipped on black ice and hit the curb. He did not report that there were passengers in the vehicle at the time. Thereafter, on February 17, 2000, Mr. Archeval informed Arnica that his wife, Daphine, and her son, Naquan, had been passengers and were also injured. On February 18,2000, Archeval began treatment with the plaintiff Chiropractic Healthcare Centers (“Chiropractic”) and on February 28,2000, he began treatment with the plaintiff Action Physical Therapy and Rehabilitation (“Action”). After an investigation by Arnica, including Archeval’s examination under oath, Arnica determined that Archeval had misrepresented the fact that his wife and son were passengers in the motor vehicle. On August 16,2000, Arnica notified Archeval by letter that it was denying coverage. Archeval did not contest Arnica’s decision to deny coverage. The plaintiffs commenced an action under the small claims procedure to recover up to $2,000.00 for the services rendered to Archeval. Suit was brought against Archeval based upon a breach of contract and against Arnica pursuant to G.L.c. 90, §34M. The plaintiffs prevailed before the clerk/magistrate and Arnica appealed. After a jury waived trial before the court, the trial judge found in favor of the plaintiffs and Arnica appealed the present action to this division. The trial judge made findings in support of his decision and responded to the defendant’s Requests for Ruling of Law. Frank Archeval never appeared at trial and a judgment by default entered against him. The trial judge specifically found that “it is clear from the evidence that Archeval attempted to work a fraud upon Arnica.” Nevertheless, he reasoned that the plaintiffs may recover for the reasonable value of the services rendered where no prior notice was given by Arnica to its insured or the plaintiffs of its intent not to make payments. We agree that Archeval’s fraud constitutes “noncooperation” as that term is understood in the contract of insurance between Archeval and Arnica, as well as its meaning within the statute; however, we ultimately decide that no statutory cause of action in contract between the plaintiffs and Arnica arises where PIP liability was not established.
Discussion. The Massachusetts Standard Automobile Insurance Policy between Arnica and Frank Archeval places upon the insured the duty to cooperate with the insurer as a condition precedent to affixing liability. Mello v. Hingham Mutual Fire Insurance Co., 421 Mass. 331 (1995). The policy provides in part that:
We agree to provide the insurance protection you purchased for accidents which happen while this policy is in force.
You agree to pay premiums when due and to cooperate with us in case of accident or claims.
When there is an Accident or Loss:
Fourth, Cooperate with Us:
After an accident or loss, you or anyone else covered under this policy must cooperate with us in the investigation, settlement and defense of any claim or lawsuit. We must be sent copies of all legal documents in connection with the accident or loss.
We may also require you and any person seeking payment under any part of this policy to submit to an examination under oath at a place designated by us, within a reasonable time after we are notified of the claim.
Failure to cooperate with us may result in the denial of your claim.
*129 Additionally, the statute by which the plaintiffs seek recovery states that “noncooperation of an injured party shall be a defense to an insurer in any suit for benefits authorized by this section. ...” (emphasis added). G.L.c. 90, §34M. Noncooperation in the context of PIP cases usually arises from a claimant s failure to attend scheduled independent medical examinations, Hodnett v. Arbella Mutual Insurance Co., 1996 Mass. App. Div. 131, or examinations under oath. Ganias v. Arbella Mutual Insurance Company, 1999 Mass. App. Div. 190. Noncooperation can result in the denial of insurance coverage without proof of actual prejudice to the insurer’s interest if it constitutes a material breach of the insurance contract. In Mello, the Supreme Judicial Court, contrary to prior decisions, held that in the context of a fire insurance policy, the insurer’s refiisal to comply with a reasonable request to submit to an examination under oath can result in forfeiture of coverage without proof of prejudice. Recently, the Appeals Court reached a similar result by applying Mello to a claim for uninsured motorist benefits. Lorenzo-Martinez, et. al. v. Safety Insurance Company, et al., 58 Mass. App. Ct. 359 (2003). With respect to insurance contracts, the “intentional furnishing of false information of a material nature either before or at trial is [also] a breach of the cooperation clause.” Jertson v. Hartley, 342 Mass. 597, 602 (1961). In Searls v. Standard Acc. Ins. Co., 316 Mass. 606 (1944), the court reasoned that regardless of whether the false information is an overstatement or understatement of facts bearing upon liability, the giving of false information by an insured as to details of an accident would be a breach of the cooperation clause of an automobile liability policy. And in Gleason v. Hardware Mutual Casualty Company, 331 Mass. 703 (1954), the court found that after initially stating an accident occurred from his “dozing off’ but subsequently indicating that he had placed his hand on the knee of a female passenger, the insured’s actions constituted a breach of the cooperation clause.
We find that the evidence supports the trial judge’s finding that “it is clear that Archeval attempted to work a fraud upon Arnica.” In fact, the record indicates that Archeval’s fraud went uncontested at trial. Archeval’s fraud constitutes a material breach of the cooperation clause as contained in his policy of insurance and said noncooperation “shall be a defense to the insurer in any suit for benefits authorized by this section,” including the claims by the plaintiffs for the value of the services rendered to Archeval. The statutory language recognizing a contractual cause of action for benefits unpaid for more than thirty days only applies where the insured has had the opportunity to determine amounts due in accordance with the law. G.L.c. 90, §34M. There was no unreasonable delay in not honoring the plaintiffs’ bills and Arnica was ultimately warranted in invoking noncooperation as a defense. See Brito v. Liberty Mutual Insurance Co., 44 Mass. App. Ct. 34 (1997).
The defenses that are available to Arnica in a claim by Archeval aré likewise available to Arnica against the plaintiffs’ claims. The statutory contractual liability to a provider applies only where “benefits are due and payable,” and gives a “right to commence an action in contract for payment of amounts therein determined to be due in accordance with the provisions of [the] statute.” G.L.c. 90, §34M. And “[njoncooperation of an injured party shall be a defense to the insurer in any suit for benefits authorized by this section.” G.L.c. 90, §24M. An insurer is entitled to substantiate a claim before the statutory responsibility to pay all the medical bills within thirty days of their submission arises. Brito v. Liberty Mutual Insurance Co., 44 Mass. App. Ct. 34 (1997). A contrary result would make insurers liable to service providers in any case where an individual claims PIP liability before the insurer could conduct an investigation of the claim, including situations where in fact no motor vehicle accident ever occurred.[2] An ultimate determination that the *130 insurer is not liable to a service provider does not leave the provider without a remedy, since a provider has a cause of action against the insured for the value of the services rendered. In this case the plaintiffs in fact began such an action and have recovered a judgment by default against their former client, the insured.
Late Appeal. The appellees briefed and argued the trial court’s allowance, over their opposition, of the appellant’s motion requesting permission for late payment of the filing fee and acceptance of the appeal. Specifically, the appellees argue the appellant’s failure to comply with Rules 3 and 4 of the District/Municipal Courts Rules for Appellate Division Appeal. Notwithstanding any merit to their argument, the issue cannot defeat the appellant’s appeal since the correctness of the trial court’s ruling on the motion was not preserved by the appellees for review by this division. The appellees did not file a notice to appeal the trial courts allowance of this motion and cannot expect appellate review by including the issue in their brief.
Summary. The plaintiffs’ contract cause of action cannot survive on its own, it is coupled to the underlining PIP claim. The mere assertion by an insured that PEP benefits are sought does not trigger insurer liability prior to the insurer’s opportunity to investigate the claim. When it did investigate the claim, Arnica determined that Archeval had committed a material fraud constituting noncooperation. Archeval’s counsel withdrew from the case and the PIP claim was effectively abandoned. Thereafter, Archeval never appeared at trial to support his claim or make himself available to Arnica in defense of the plaintiffs’ suit We agree with the trial judge’s finding that the insured failed to cooperate as required by the contract of insurance. However, we also rule that the statutory defense to Archeval’s noncooperation is available to Arnica in defense of the plaintiffs’ claims. The material nature of the fraud works as a successful defense against the plaintiffs’ claims. As a result, the plaintiffs cannot recover. Therefore we order that the clerk/magistrate of the trial court enter an order vacating judgment for the plaintiffs and enter judgement for the defendant Arnica.

 This appeal was consolidated, heard and decided on the same date with Chiropractic Healthcare Centers v. Amica Mutual Insurance Co. v. Frank Archeval.

 Although the court did not so find, during questioning of plaintiffs’ counsel, the trial judge questioned the credibility of the happening of an accident.