SUSAN BOFFOLI *vs.* PREMIER INSURANCE COMPANY.

No. 06-P-1757.

Worcester. October 9, 2007. - February 15, 2008.

Present: LENK, SMITH, & VUONO, JJ.

*Motor Vehicle,* Insurance. *Insurance,* Motor vehicle insurance, Motor vehicle personal injury protection benefits, Cooperation by insured.

In a civil action brought by an insured against the insurance company that had issued her automobile insurance policy, arising out of the insurer's denial to her of personal injury protection (PIP) benefits, the judge erred in ruling that the insured, in filing her PIP application four months after the injury-causing accident, had not filed the application "as soon as practicable" as required by G. L. c. 90, § 34M, and that her failure to file the application was a failure to cooperate with the insurer, where the insurer did not demonstrate prejudice because of the late filing, and where the insured's conduct did not amount to noncooperation under the policy or the statute. [214-217]

COMPLAINT received and sworn to in the Westborough Division of the District Court Department on October 27, 2000.

After removal to the Superior Court Department on April 18, 2002, the case was heard by *Stephen S. Ostrach,* J., sitting by designation.

*Frank C. Corso* for the plaintiff.
*Denise M. Tremblay* for the defendant.

SMITH, J. In October of 2000, the plaintiff, Susan Boffoli, brought an action in the Westborough Division of the District Court Department alleging that the defendant, Premier Insurance Company (Premier), violated its contractual obligations by failing to pay her personal injury protection (PIP) claim pursuant to G. L. c. 90, § 34M. Following a bench trial, the judge found for the plaintiff. Premier removed the case to Superior Court in 2002; in October of 2005, a judge, sitting without a jury, heard the matter. The judge ruled that the plaintiff was not entitled to PIP benefits because she failed to present a completed

PIP application "as soon as practicable" as required by the statute and that her failure to file the application was a failure to cooperate with Premier as required by the automobile policy. The plaintiff filed a timely appeal.

General Laws c. 90, § 34M, third par., inserted by St. 1970, c. 670, § 4, provides in pertinent part:

> "Claim for benefits due under the provisions of personal injury protection . . . shall be presented to the company providing such benefits as soon as practicable after the accident occurs from which such claim arises, and in every case, within at least two years from the date of the accident. . . . Noncooperation of an injured party shall be a defense to the insurer in any suit for benefits authorized by this section and failure of an insurer to pay benefits in the event of such noncooperation shall not in any way affect the exemption from tort liability granted herein."

We summarize the judge's findings of fact. On January 31, 1999, the plaintiff was involved in a motor vehicle accident. Premier insured the plaintiff under a standard Massachusetts automobile insurance policy which provided PIP benefits. In February of 1999, plaintiff's counsel notified Premier that he was representing the plaintiff and requested an application for PIP benefits.

On February 16, 1999, Premier sent the plaintiff's attorney a PIP application and a letter stating that the plaintiff was "required by law to present any claim for PIP benefits as soon as practicable after the accident." The letter further notified plaintiff's attorney that in order "[t]o initiate your claim and to enable us to begin the process of determining your eligibility for PIP benefits, complete the enclosed form . . . as soon as possible. . . . Please do not delay in completing and returning this form, since failure to submit it in a prompt manner will impede our ability to evaluate your claim and adversely affect your eligibility for PIP benefits."

On March 22, 1999, Premier sent a second letter to the plaintiff's attorney informing him that they had not received the plaintiff's PIP application and stating that "[f]ailure to cooper-

ate [in submitting the application] will result in the denial of your client's PIP claim."

Thirty days later, on April 22, 1999, Premier sent plaintiff's counsel a certified letter notifying him that the plaintiff's "failure to return . . . a completed PIP application constitutes non-cooperation and, accordingly, warrants denial of her claim." The letter stated that Premier would afford a final opportunity for the plaintiff to present her claim if she returned the enclosed application within one week of receipt of the letter. The plaintiff's attorney received the third letter on April 26, 1999.

On May 14, 1999, Premier sent plaintiff's counsel a letter denying the plaintiff's PIP claim for failing to return the application and not cooperating with the investigation. Plaintiff's counsel sent Premier a partially completed PIP application on June 4, 1999. On June 16, 1999, Premier again denied the plaintiff any PIP coverage due to her noncooperation.

In the trial before the judge in Superior Court, the plaintiff argued that Premier must demonstrate that it was prejudiced by the late filing of the PIP claim. The judge noted that Premier did not offer any evidence that it suffered prejudice from the late filing of the application but ruled, nevertheless, that "(1) [the plaintiff] did not file a completed PIP application as soon as was practical in the circumstances of her case; (2) Premier gave her ample time to do so and ample warning of the consequences if she did not; and (3) her failure to file a timely application was a failure to cooperate as required by the standard Massachusetts auto policy." The judge ruled that the plaintiff was not entitled to PIP benefits.

On appeal, the plaintiff does not challenge the judge's ruling that she did not present her PIP application "as soon as practicable." She claims, however, that because she did submit her application within two years of the accident, Premier was required to show actual prejudice as a result of the late submission before it could legitimately deny benefits. Because the judge found that Premier did not demonstrate any prejudice, the plaintiff argues Premier improperly denied her PIP benefits.

We start our analysis by noting that G. L. c. 90, § 34M, does not contain language that requires prejudice to be shown by the insurer if the insured does not return the application for PIP

benefits "as soon as practicable" after the accident. The plaintiff, however, points to G. L. c. 175, § 112, and argues that by the terms of that statute, Premier had to show that it was prejudiced by the late filing of the PIP application.

General Laws c. 175, § 112, as amended by St. 1977, c. 437, requires that an insurance company providing motor vehicle insurance against liability to another cannot "deny insurance coverage to an insured because of failure of an insured to seasonably notify an insurance company of an occurrence, incident, claim or of a suit founded upon an occurrence, incident or claim, which may give rise to liability insured against unless the insurance company has been prejudiced thereby." Therefore, according to the plaintiff, because Premier did not demonstrate prejudice by the late filing of the PIP application, it could not cancel those benefits.

However, G. L. c. 175, § 112, does not apply to PIP claims, but, rather pertains to liability coverage. The Supreme Judicial Court dealt with a situation analogous to that presented here in *Goodman* v. *American Cas. Co.*, 419 Mass. 138, 141-142 (1994) (*Goodman*). In that case the court considered whether an insurer may deny coverage for underinsured motorist benefits because of late notice without proof of prejudice. The court held that the prejudice requirement in G. L. c. 175, § 112, did not explicitly apply to uninsured and underinsured claims. *Ibid.* The court reasoned that underinsured coverage was not "liability insurance" under G. L. c. 175, § 112, because "[u]ninsured and underinsured motorist claims are made to one's own insurer," and because such coverages do not provide protection to an insured against liability to a third party. *Ibid.*

The court held, however, that "[w]e are aware of no distinction . . . between liability coverage and uninsured or underinsured motorist coverage that would call for the application of a different rule concerning the question whether the insurer must prove that late notice to it was prejudicial." *Ibid.* The court therefore extended the prejudice requirement to the late filing of notice for uninsured and underinsured claims reasoning that "[a] requirement that an insurer must prove that it was prejudiced by

any delay in giving notice of an underinsured motorist claim is a logical extension of well-established principles." *Ibid.*[1]

PIP coverage, which is at issue here, is similar to the uninsured and underinsured motorist insurance coverages analyzed in *Goodman.* PIP claims are made to the insured's own insurance company and do not involve third-party claims. We therefore conclude that the court's reasoning in *Goodman* controls in this matter and requires that an insurer must demonstrate prejudice when denying PIP benefits because of the late filing of the application for such benefits, provided that the application is filed within two years after the accident.[2] The insurer, however, need not show prejudice if the application is received after two years from the date of the accident.

Premier also argues that failure to return the completed PIP application "as soon as practicable" amounted to "noncooperation," a valid reason for denying a claim under the policy and applicable statute. We disagree.

As a general rule, breach of an insured's duty to cooperate does not permit an insurer to disclaim coverage absent a showing of prejudice. See *Darcy* v. *Hartford Ins. Co.,* 407 Mass. 481, 489-491 (1990). However, because of the importance of weeding out fraud — particularly in hit-and-run accident claims — by providing an insurer with a mechanism for obtaining formal corroboration of the accident, we have recognized a limited exception to the prejudice requirement in those cases where there was a wilful and unexcused refusal of the insured to comply with an insurer's timely request for an examination under oath. *Lorenzo-Martinez* v. *Safety Ins. Co.,* 58 Mass. App. Ct. 359, 362-364 (2003).

We are not convinced that the same rationale applies where an insured has failed to submit a PIP application as soon as practicable because a PIP application, as we have explained, serves a different purpose. But even if the *Lorenzo-Martinez* rule applied

[1]See *Johnson Controls, Inc.* v. *Bowes,* 381 Mass. 278, 280-281 (1980); *Darcy* v. *Hartford Ins. Co.,* 407 Mass. 481, 489 (1990) (stating the principles underlying the court's decisions to require a showing of prejudice).

[2]This case does not involve timely notice of an accident. Notice surrounding an accident is important because timely notice enables the insurance company to make "seasonable investigation of the facts relating to liability." *Bayer & Mingolla Constr. Co.* v. *Deschenes,* 348 Mass. 594, 600 (1965). Here, the plaintiff did file timely notice of the accident.

to the submission of PIP applications, the plaintiff's conduct here was not a "wilful" refusal to submit an application and, therefore, even if unexcused, it did not amount to "noncooperation" under the insurance policy or the statute.[3]

The judgment is reversed, and the matter is remanded for entry of a new judgment consistent with this opinion.

*So ordered.*

---

[3]The plaintiff returned the application some four months after the accident. The trial judge ruled that the application was not filed "as soon as practicable" and the plaintiff so conceded on this appeal.

This opinion does not establish a time limit within the two-year period when applications must be filed. There may be circumstances in which the filing of an application after four months, but within the two-year period, meets the "as soon as practicable" test. What time period constitutes "as soon as practicable" may vary according to the facts of the case.