Williams, P.J.
After a jury-waived trial of this personal-injury protection (“PIP”) action, the trial judge found that Hanover Insurance Company’s (“Hanover”) insured, Stephen J. Cotton (“Cotton”), had failed to attend two scheduled independent medical examinations (“IME”), and that Hanover was not required to prove it was thereby prejudiced in order properly to deny Cotton’s PIP claim. Judgment was entered for Hanover. Cotton filed this appeal, claiming that the trial court erred because Hanover could not prevail without establishing prejudice, which it failed to do. We affirm the judgment.
Cotton’s automobile insurance policy with Hanover provided $8,000.00 in PIP benefits and $5,000.00 in optional medical-payments coverage. Cotton was injured in an August, 2004 motor vehicle collision in Framingham, and so notified Hanover. Linda Lawton (“Lawton”), a Hanover employee, called Cotton in September. Cotton asked her to call back because he was in a meeting. She did, and Cotton did not answer. Lawton called again the following day, and Cotton, again, did not answer. That day, Lawton also sent Cotton a letter and a PIP application, which Cotton later denied having received. In November, Lawton sent a second letter and PIP form, which Cotton completed and returned to her. Hanover also received a letter of representation from Cotton’s counsel, Ellis and Associates (“Ellis”).
Lawton decided to schedule an IME for Cotton. Hanover’s vendor (“MMS”) sent a letter dated December 14, 2004 to Cotton scheduling the IME for December 30, 2004. Although it was Hanover’s practice to notify both the claimant and counsel of a scheduled IME, MMS did not notify Ellis of the IME scheduled for Cotton on December 30, 2004 because MMS was not informed about Ellis’s representation of Cotton. MMS normally calls examinees the day before a scheduled IME as a reminder, but did not do so with Cotton because it did not have his correct telephone number. Cotton did not appear at the December IME, and MMS so advised Hanover. In a January 5,2005 letter MMS mailed to Cotton, but, again, not to Ellis, MMS notified Cotton that the IME had been rescheduled for January 13, 2005. Although Hanover routinely provided two weeks’ notice of IMEs to claimants, the notice period for Cotton was only eight days. Again, MMS was unable to call Cotton the day before the IME. But Lawton reminded Ellis on January 5 that Cotton had missed the first IME, and advised that the new IME date was January 13, 2005. Lawton further informed Ellis that Cotton’s benefits could be in jeopardy, citing Brito v. Liberty Mut. Ins. Co., 1996 Mass. App. Div. 63, if he did not appear. Cotton did not appear for the *30 January 13 IME. Five days later, on January 18, 2005, Lawton mailed written notice to Ellis that Cotton’s PIP claim was denied on the ground of noncooperation.
On January 28, 2005, Ellis called Lawton and apparently suggested that if a third IME were scheduled, Cotton would attend it. Lawton declined to entertain that offer and, in a letter of February 7, 2005, reaffirmed Hanover’s denial of benefits on the basis of noncooperation. The next communication from Ellis or Cotton to Hanover was a G.Lc. 93A demand letter dated more than two years later, on June 7, 2007.
The PIP statute, G.L.C. 90, §34M, requires claimants to submit to IMEs and provides that the claimant’s noncooperation in that regard shall be a defense for the insurer in any action against it for §34M benefits.[1] The trial judge noted that the statute is silent as to prejudice, and based his decision on Hodnett v. Arbella Mut. Ins. Co., 1996 Mass. App. Div. 131. Hodnett held that an insurer need not demonstrate prejudice in denying a claimant’s benefits for noncooperation in failing to attend an IME. Id at 133 (“The statute is unequivocal in this regard.”). Hodnett has been relied upon or cited with approval for this point in numerous decisions of this Division since it was decided in 1996, most recently in Barron Chiropractic & Rehabilitation, P.C. v. Premier Ins. Co. of Mass., 2009 Mass. App. Div. 1, 2,[2] in which the parties agreed that Hodnett controlled. As Hodnett is apposite in this case, it is not surprising that the trial judge relied on Hodnett in finding for Hanover.
Relying chiefly on Boffoli v. Premier Ins. Co., 71 Mass. App. Ct. 212 (2008), further app. rev. denied, 451 Mass. 1103 (2008), Cotton argues that Hodnetthas been superseded, if not expressly overruled; and that the general rule under Boffoli is that a breach of the insured’s duty to cooperate, in any way, does not permit the insurer to disclaim coverage absent a showing of prejudice.[3] Id. at 216. We disagree.
Boffoli involved the late filing of the PIP application itself and not a missed IME. The portion of the PIP statute dealing with the filing for PIP benefits dictates that such claims must be presented to the insurer “as soon as practicable after the accident” and, in any event, within two years of that date. G.L.c. 90, §34M. After several requests and warnings regarding Boffoli’s failure to provide a complete PIP application, Premier finally denied Boffoli’s claim on the basis of noncooperation. Boffoli *31 claimed that Premier must demonstrate prejudice from her late filing of the PIP claim in order properly to deny her PIP benefits.
The Appeals Court noted in Boffoli that while the PIP statute did not contain language requiring prejudice, id. at 214-215, the statute dealing with motor vehicle liability coverage, G.L.c. 175, §112, requires that an insurer cannot deny coverage to an insured for failing to notify the insurer of a claim unless the insurer has been prejudiced in that regard. Id. at 215. Cf. Hodnett, supra at 133 (“That the Legislature could, if it so desired, have imposed such a [prejudice] requirement [in §34M] is obvious from its specific inclusion of a prejudice requirement in a similar context in G.L.c. 175, §112.”). And the Boffoli Court further noted that, in Goodman v. American Cas. Co., 419 Mass. 138, 141-142 (1994), in deciding whether an insurer could deny underinsured motorist benefits without demonstrating prejudice, the Supreme Judicial Court extended the prejudice requirement for such claims even though G.L.c. 175, §112 did not explicitly apply to such claims. Boffoli, supra at 215. The Goodman Court had done so as “a logical extension of well-established principles.” Id. at 216.
Because PIP coverage is “similar” to the uninsured and underinsured coverage addressed in Goodman, Boffoli held that the Goodman analysis controls. “[A]n insurer must demonstrate prejudice when denying PIP benefits because of the late filing of the application....” Id And Boffoli stated flatly that “ [a] s a general rule, breach of an insured’s duty to cooperate does not permit an insurer to disclaim coverage absent a showing of prejudice.” Id The only stated exception to that prejudice requirement would be an insured’s wilful and unexcused refusal to comply with an insurer’s timely request for an examination under oath. Id.
We conclude that there was no error in this case in the trial judge’s application of Hodnett and refusal to extend the Appeals Court’s analysis in Boffoli.
Judgment affirmed.
So ordered.

 The section provides, in relevant part: "The injured person shall submit to physical examinations by physicians selected by the insurer as often as may be reasonably required and shall do all things necessary to enable the insurer to obtain medical reports and other needed information to assist in determining the amounts due. Noncooperation of an injured party shall be a defense to the insurer in any suit for benefits authorized by this section....”

 See Knight v. CNA Ins. Co., 2003 Mass. App. Div. 198; Chiropractic Healthcare Ctrs. v. Amica Mut. Ins. Co., 2003 Mass. App. Div. 130; Action Physical Therapy & Rehabilitation v. Amica Mut. Ins. Co., 2003 Mass. App. Div. 127; Wang v. Liberty Mut. Ins. Co., 2000 Mass. App. Div. 313.

 Although both parties filed requests for rulings of law, see former Mass. R. Civ. P., Rule 64A (repealed March 1,2008), as well as posttrial memoranda, none of those submissions is included in the record before us. Given the trial judge's findings, we proceed to consider the issue. See, e.g., Rosemark v. Hunt, 2009 Mass. App. Div. 53, 54.