Coven, J.
Judgment was entered upon an agreed statement of facts in the plaintiffs favor in the amount of $5,910.00 for chiropractic services it provided to the defendant’s insured, plus $5,000.00 in attorney’s fees per agreement of the parties. The defendant filed this Dist./Mun. Cts. R. A. D. A., Rule 8A, expedited appeal.
The case was submitted to the trial judge as a “case stated.” When a case is presented as a “case stated,” it is the duty of the trial judge to make a correct ruling upon the agreed facts. Western Mass. Theatres, Inc. v. Liberty Mut. Ins. Co., 354 Mass. 655, 657 (1968). On appeal, “[sjince the same record that the judge considered is before [this Division], all questions of law presented by the record are open for consideration unaffected by any rulings the judge may have made.” Amidon v. Reid, 2000 Mass. App. Div. 61, 61-62, quoting Mahony v. Board of Assessors of Watertown, 362 Mass. 210, 211 (1972). “[A]ll questions of law, fact or discretion are open for review on the record presented.” Id. at 62, quoting Caissie v. City of Cambridge, 317 Mass. 346, 347 (1944).
On February 2, 2005, Alysia Washington (“Washington”) was in an accident while an occupant of a motor vehicle insured by defendant Pilgrim Insurance Company (“Pilgrim”) under a standard Massachusetts automobile policy that provided personal injury protection (“PIP”) benefits. Six days later, on February 8, 2005, Pilgrim was notified of both the accident and the claim by Washington, its insured, of injuries sustained in the accident. On February 8, 2005, Pilgrim sent Washington a PIP package, which contained a PIP application form, a blank page for an authorization to obtain medical and wage information, and a blank health insurance affidavit form. This PIP package was resent to Washington’s attorney on March 14, 2005 after Pilgrim was notified that Washington had retained counsel. In his letter informing Pilgrim that he represented Washington, her attorney included a copy of the Operator’s Report of the accident, and notice of both her PIP claim and a possible under/uninsured benefit claim. Pilgrim never received a completed PIP package per se from either Washington, or her attorney. By letter dated August 15, 2005, the attorney notified Pilgrim that he no longer represented Washington.
Washington was treated by the plaintiff and was billed $5,910.00 for its services. On March 3,14, and 31 of 2005, after receiving the plaintiff’s treatment bills, Pilgrim *121 sent the plaintiff a form letter stating that it was unable to issue payment because it was “waiting for the insured to submit an application for benefits.” Also checked on the March 3 and 14 form letters was the additional explanation that Pilgrim had “submitted [the] bills for review.” The same form letter was sent to the plaintiff on April 28, 2005, but there was no indication why the bills were denied. On July 12, 2006, Pilgrim sent the plaintiff the same form letter, but inserted the following language: “Personal Injury protection benefits were denied. Please contact the claimant for additional information.”
It was agreed in the parties’ case stated that the plaintiff had submitted several documents to Pilgrim, and those documents were included as exhibits. Included, among others, were the plaintiffs daily treatment notes, a February 7, 2005 initial report of treatment, a March 28, 2005 extended follow-up evaluation report, a May 31, 2005 discharge evaluation report, an affidavit of no health insurance, and an authorization signed by Washington permitting the plaintiff to release the medical information necessary to process her claim for PIP benefits.
As acknowledged by the parties, the issue presented to the trial judge, and to this Division, is whether Washington’s failure to submit the specific PIP package sent by Pilgrim was a material breach of the cooperation clause of the standard automobile policy and a violation of G.L.c. 90, §34M, which precluded her recovery (and, thus, the plaintiff’s) of PIP benefits.
The PIP package sent to Washington and her counsel consisted of three documents: a PIP application form, a blank page for an authorization to obtain medical and wage and salary information, and a blank health insurance affidavit form. The PIP application asks for biographical information; the location, date, and description of the accident; a description of injuries; whether, by whom, and where the applicant was treated; a statement of wage losses and whether the applicant was eligible for payments under a wage continuation plan; the names of past employers; and whether the applicant incurred any other expenses as a result of the accident. The authorization to obtain medical and wage and salary information is a form that, when dated and signed, would have authorized Pilgrim to obtain the necessary information from medical providers and employers. The blank health insurance affidavit form, when completed, informed Pilgrim that the applicant either had, or did not have, a health insurance plan that would provide benefits. Each document indicated to the applicant that the form had to be completed for the applicant to be eligible for PIP benefits.
Neither Washington’s motor vehicle policy that was made part of the record, nor G.L.c. 90, §34A, requires any particular form to be used by the PIP applicant to provide the necessary information to the PIP insurer. What is required is that a PIP claimant “do all things necessary to enable the insurer to obtain medical reports and other needed information to assist in determining the amount due.” G.L.c. 90, §34M. With the exception of salary and wage information, not material to this claim, Pilgrim was in possession of all the information it sought in the PIP package that it had sent to Washington and her counsel. The materials and information sent by the plaintiff to Pilgrim included Washington’s affidavit that she had no health benefits available to her for payment of her treatment with the plaintiff. This affidavit allowed Pilgrim to determine whether it was obligated to pay in excess of $2,000.00 in PIP medical benefits pursuant to the “coordination of benefits” mandate of G.L.c. 90, *122 §34A.[1] See Velasquez v. Liberty Mut. Ins. Co., 1995 Mass. App. Div. 85 n.2. Further, the plaintiff submitted to Pilgrim a medical release authorization and its own daily treatment notes and periodic evaluations. In fact, Pilgrim utilized the records received from the plaintiff and sent them out for review. Pilgrim was aware of the exact injuries that Washington claimed were caused by the accident, and the amount due for treatment of those injuries. Finally, the initial report of treatment, together with the Operator’s Report of the accident, provided Pilgrim with information, including the location, date, and description of the accident, sufficient to permit Pilgrim to undertake whatever investigation it required in these circumstances.
Noncooperation is a valid defense for the nonpayment of PIP benefits. G.L.c. 90, §34M. When the issue is one of a late or inadequate PIP application, “[a]s a general rule, breach of an insured’s duty to cooperate does not permit an insurer to disclaim coverage absent a showing of prejudice.” Boffoli v. Premier Ins. Co., 71 Mass. App. Ct. 212, 216 (2008). We find no prejudice to Pilgrim in the manner it received the information it had requested in the PIP package. Pilgrim was in possession of all the information that it needed to process Washington’s PIP claim; and, as indicated by the March 3, 2005 and March 14, 2005 denial letters, it had begun the process of reviewing the plaintiff’s bills.
There being no error of law, the trial court’s judgment for the plaintiff is affirmed.
So ordered.

 Section §34A of G.L.c. 90 provides in relevant part as follows: “Notwithstanding the foregoing, personal injury protection provisions shall not provide for payment of more than two thousand dollars of expenses incurred within two years from the date of accident... if, and to the extent that, such expenses have been or will be compensated, paid or indemnified pursuant to any policy of health, sickness or disability insurance” held by the PIP claimant.