Swan, J.
Commerce Insurance Company (“Commerce”) has appealed a judgment entered by the Lowell District Court awarding damages to Northshore Chiropractic[1] ("Northshore”) for violations of G.L.c. 90, §34M and G.L.c. 93A, §11. ‘We draw our factual summary from the findings of the judge, sitting without a jury, and the uncontested facts of record, all of which are supported by the trial record.... We reserve some details for later discussion where pertinent to our analysis.” Millennium Equity Holdings, LLC v. Mahlowitz, 456 Mass. 627, 630 (2010).
After a jury-waived trial in this case, the trial court “adoptjed] as controlling the findings of fact requested by” Northshore. According to those findings, Minh Chhoeuth (“Chhoeuth”) was injured in a car accident on September 21, 2004, and was treated for those injuries by Northshore from September 22, 2004 to March 29, 2005. Chhoeuth was eligible to receive Personal Injury Protection (“PIP”) benefits under an insurance policy issued by Commerce. On March 28,2008, Northshore, by counsel, sent to Commerce Chhoeuth’s assignment of benefits to Northshore, together with a demand for payment of PIP benefits of $3,783.00 for chiropractic services rendered to Chhoeuth. On April 10, 2008, Commerce replied with a letter stating: “PIP claim denied — no benefits available.” On April 17,2008, Northshore’s counsel requested a specific reason for denial of the claim. On April 30, 2008, Commerce replied: “[Cjlaim was denied, due to privacy acts.” Not satisfied with this answer, counsel advised Commerce that denial “due to privacy acts is an insufficient explanation.” Commerce responded that “as we have advised previously, the claim has been denied in its entirety.” On these findings, the trial court concluded that the failure to make PIP payments “caused [Northshore] to incur a financial loss in the form of attorney’s fees and costs” and that Commerce’s actions were unfair, deliberate, and violative of G.L.c. 93A.
Commerce raised noncooperation as a defense and, relying on Boffoli v. Premier Ins. Co., 71 Mass. App. Ct. 212 (2008), argued that neither Chhoeuth, nor Northshore, filed a timely PIP claim under G.L.C. 90, § 34M. We agree.
*169 In its findings, the trial court also adopted all of both Northshore’s and Commerce’s requested rulings of law. We discuss three of them. The first ruling was that an ‘‘automobile insurer need not show prejudice from [the] late filing of [an] application for personal injury protection (PIP) benefits, if the application is received after two years from the date of the accident.” This is a correct statement of the law, as G.L.c. 90, §34M provides in part:
Claim for benefits due under the provisions of personal injury protection or from the insurer assigned shall be presented to the company providing such benefits as soon as practicable añer the accident occurs from which such claim arises, and in every case, within at least two years from the date of accident, and shall include a written description of the nature and extent of injuries sustained, treatment received and contemplated and such other information as may assist in determining the amount due and payable (emphasis added).
In Boffoli, the Appeals Court held that while the filing of an incomplete PIP application five months after the accident may not have been “as soon as practicable,” it did not amount to noncooperation because “an insurer must demonstrate prejudice when denying PIP benefits because of the late filing of the application for such benefits, provided that the application is fled within two years after the accident” (emphasis added). Id. at 216. Significantly, the Appeals Court added: “The insurer, however, need not show prejudice if the application is received after two years from the date of the accident.” Id.
The trial court also adopted Commerce’s requested ruling that “[failure of an alleged injured PIP claimant to cooperate with the insurer provides an insurer with an absolute defense to any litigation brought under G.L.c. 90, §34M.” This is an accurate statement of the statute, subject, of course, to the parameters stated in Boffoli of what constitutes noncooperation.[2] The third ruling adopted by the trial court, also correct, was that a PIP plaintiff bears the burden of proving compliance with the conditions precedent to recovery. Royal-Globe Ins. Co. v. Craven, 411 Mass. 629, 634 (1992).
Applying these rulings of law to the facts of the case, it was the burden of Northshore, as assignee of Chhoeuth’s claim, to prove that Chhoeuth had filed a PIP claim as soon as practicable but, in any event, no later than two years after the accident. In adopting all the findings of fact requested by Northshore, the trial judge did not “consider any of the contentions” of Commerce. Atlas Mtge. Corp. v. Lahey, 2008 Mass. App. Div. 265, quoting Marr v. Back Bay Architectural Comm’n, 23 Mass. App. Ct. 679, 681 (1987). We turn then to the uncontradicted facts in the record but not set forth in the findings. Millennium Equity Holdings, LLC, supra. It is undisputed that not only did Chhoeuth fail to file a PIP claim within two years of the accident, but she failed to file any claim at all. As counsel for both parties stipulated, on *170 September 23, 2004, Commerce sent Chhoeuth a letter enclosing a PIP application to be completed and filed. A second letter was sent on October 20, 2004. After Commerce received a letter of representation from Chhoeuth’s lawyer, a letter was sent to that attorney on November 5, 2004, requesting a PIP application. On December 13,2004, a fourth request was sent, also to the attorney, this time reserving Commerce’s rights to assert noncooperation as a defense should it prove to have been prejudiced. No response was received. Accordingly, on January 24, 2005, Commerce notified Chhoeuth’s attorney that PIP benefits were being denied for noncooperation, noting that it was the responsibility of the injured party to provide to Commerce “all legal documents in connection with the accident” and “medical records and other records.” In February, 2006, Northshore, in its first communication of record to Commerce, sent copies of “bills and records.” Commerce responded by letter dated February 7,2006 that Chhoeuth’s PIP “[cjlaim has been denied in its entirety. Please bill patient.” The record is thereafter silent as to any communication between the parties until March 28, 2008. On that date, Northshore’s attorney sent Commerce a letter enclosing an “Assignment of Benefits for the release of any information”[3] and making a demand for payment of $3,783.00.
This Division recently decided Advanced Spine Ctrs., Inc. v. Pilgrim Ins. Co., 2010 Mass. App. Div. 121, in which a PIP insurer denied coverage because the injured party did not complete the insurer’s own prescribed forms contained in a “PIP package.” The injured party’s attorney had timely filed with the insurer — six days after the accident — a notice of both her PIP claim and a possible under/uninsured claim, medical records, and an accident report; and the assignee chiropractor promptly followed up by sending copies of its treatment records, an affidavit of no health insurance, and an authorization signed by the injured party permitting the chiropractor to release medical information. In short, the defendant-PIP insurer had received everything needed to evaluate and process the claim. Affirming a judgment for the chiropractor, we held that the PIP carrier was exalting form over substance in mandating a slavish adherence to a specific “package” of blank forms that are not required by G.L.c. 90, §34M. Id. at 123. The plaintiff had done “all things necessary to enable the insurer to obtain medical reports and other needed information to assist in determining the amount due.” Id. at 122, quoting G.L.c. 90, §34M.
In this case, by contrast, no PIP application, no notice of a claim, no statement regarding health insurance, no accident or police report, no assignment of benefits, and no medical information release were submitted. In fact, nothing other than medical bills and records were filed with Commerce within the prescribed two-year period. Beyond indicating that these bills and records were apparently received by Commerce in the abstract with no other connecting claim information, the record does not even specify what these bills and records were.[4] The analysis in Boffoli com *171 pels the conclusion that Northshore’s failure to file a PIP claim with sufficient information within the two-year statutory period constitutes a defense to Northshore’s claim without a showing of prejudice.[5]
Commerce would have better served its cause, and perhaps avoided this lawsuit altogether, had it told Northshore’s counsel the correct reason for denying the PIP claim, i.e., untimeliness and noncooperation, rather than giving the inartful, vague, and inaccurate responses it made. Indeed, this very disregard for the facts seems to have persuaded the judge to impose G.L.c. 93A liability. But as the undisputed facts do not support the trial judge’s ultimate findings in favor of Northshore, the judgment must be reversed.
Accordingly, the judgment for the plaintiff is reversed and vacated. Judgment is to be entered in favor of the defendant.
So ordered

 Also spelled North Shore Chiropractic in the record.

 While the statute does not contain the word “absolute,” Boffoli recognizes that once either a late filing within two years with prejudice, or a filing after two years without prejudice, is established, noncooperation defeats a PIP claim. Id. at 216. See also Cotton v. Hanover Ins. Co., 2010 Mass. App. Div. 29, 30-31.

 No copy of this assignment is found in the record. What purports to be an assignment is appended to Northshore’s brief, without an exhibit designation or any indication that it was ever authenticated or offered into evidence at trial.

 The record appendix contains a copy of a trial exhibit of Northshore’s records, certified on March 11,2009 pursuant of G.L.c. 233, §79G. We cannot determine from the record, however, if these were the same documents sent to Commerce in February, 2006.

 Northshore relies on Imperiali v. Pice, 338 Mass. 494 (1959) as better authority than Boffoli because it was decided by the Supreme Judicial Court while Boffoli is an Appeals Court case. Without commenting on Northshore’s characterization, we note only that Imperiali concerned the failure of an insured tortfeasor to meet with his insurer’s appointed attorney in ongoing litigation, and is thus inapposite to the issue of the timeliness of a PIP claim.