# United States Court of Appeals
## For the First Circuit

_____

Nos. 10-1063, 10-1064

JAMES F. MILES,
THERESA B. MILES,

Plaintiffs, Appellants,

v.

GREAT NORTHERN INSURANCE COMPANY,

Defendant, Appellee.

_____

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

_____

Before

Torruella, Ripple,[*] and Lipez, Circuit Judges.

_____

Roger J. Brunelle, with whom Sbrogna & Brunelle LLP was on brief, for appellants.
Mark W. Corner, with whom Riemer & Braunstein LLP was on brief, for appellee.

_____

March 10, 2011

_____

[*] Of the Seventh Circuit, sitting by designation.

**RIPPLE, <u>Circuit Judge</u>.** James and Theresa Miles originally brought this action against Great Northern Insurance Company in Massachusetts Superior Court. They sought to obtain coverage for a fire loss to their home and asserted claims for breach of contract and unfair insurance practices. Great Northern removed the action to the district court and filed counterclaims for breach of contract and unjust enrichment.[1] The parties cross-moved for summary judgment; at this point, the Mileses abandoned certain of their unfair insurance practices claims. The district court denied summary judgment on the breach of contract claims but granted summary judgment to Great Northern on the remaining unfair insurance practices claims. The breach of contract and unjust enrichment claims then were tried to the bench, and the district court concluded that only the plaintiffs, Mr. and Mrs. Miles, had breached the contract. The court therefore entered judgment in favor of the defendant, Great Northern.[2]

---

[1] The jurisdiction of the district court was based on 28 U.S.C. § 1332.

[2] The district court entered judgment in favor of Great Northern on all claims, including counterclaims for advance payments, subrogation and unjust enrichment. On appeal, neither party challenges the ruling on the unjust enrichment claims.

Theresa Miles now seeks review of the decision of the district court that she and her husband, James Miles, breached their contract with Great Northern Insurance Company.[3]  Theresa Miles contends that the district court improperly imputed the conduct of her husband to her and, therefore, incorrectly ruled that she had breached the contract with Great Northern.  Because this issue presents an unresolved interpretation of state law, we decide this case on an alternative ground.  We hold that Theresa Miles independently breached the contract with Great Northern and, therefore, is barred from recovery under the insurance policy.  Accordingly, we affirm the judgment of the district court.[4]

---

[3]  On January 15, 2010, we ordered that the appeal of James Miles be consolidated with that of his wife for purposes of briefing and oral argument.  Therefore, James Miles joins the brief of his wife, Appellant Theresa Miles, under Federal Rule of Appellate Procedure 28(i).  James Miles asserts on appeal that, if we hold that Theresa Miles is entitled to recover under the policy, we then must reverse the judgment entered against him on the counterclaims because it was predicated upon the district court's conclusion that Theresa Miles was barred from recovery based upon her husband's misconduct.

[4]  Our jurisdiction is predicated on 28 U.S.C. § 1291.

BACKGROUND

## A. Facts

James and Theresa Miles obtained a comprehensive home insurance policy from Great Northern for their home in Rehoboth, Massachusetts. The policy included protection for fire loss. Although Theresa Miles alone held title to the property, both James and Theresa Miles were named as insureds under the policy.

According to the terms of the policy, if the Mileses filed a claim, they were obligated to submit to an examination under oath and to deliver to Great Northern, within sixty days of request, proof of loss, along with any supporting documentation. The policy also included a "[c]oncealment or fraud" clause, which stated, "This policy is void if you or any covered person has intentionally concealed or misrepresented any material fact relating to this policy before or after a loss." Finally, the policy included a clause, which stated, "Coverage applies separately to each covered person."

In the early morning on October 17, 2004, a fire occurred at the Mileses' Rehoboth home. The subsequent police investigation indicated that the fire had been set intentionally because accelerants were found in the house and there was no sign

of forced entry. James Miles was named as a "person of interest" in the investigation.

The Mileses reported the fire to Great Northern on October 18, the day after the fire occurred, and the insurance company initiated an investigation. From the start, the Mileses were uncooperative. Both James and Theresa Miles refused to answer Great Northern's interrogatories about the loss and their financial affairs or to cooperate otherwise during the examinations under oath. Although Theresa Miles appeared for an examination under oath, she refused, at the direction of her husband, who purported to act as her attorney, to answer Great Northern's questions. The Mileses did not turn over documents related to their home security system or to their financial affairs until well after Great Northern had denied coverage. Although Great Northern had advanced living expenses to the Mileses during the investigation, it ultimately decided to deny coverage under the policy because of the Mileses' failure to cooperate.

## B. District Court Proceedings

After the Mileses' suit for breach of contract and unfair insurance practices was removed to the district court, Great Northern filed counterclaims for breach of contract and unjust enrichment. The parties cross-moved for summary judgment;

the Mileses eventually abandoned certain of their unfair insurance practices claims relating to the denial of coverage and breach of the covenant of good faith and fair dealing. The district court granted summary judgment in favor of Great Northern on the remaining unfair insurance practices claims but denied summary judgment on the breach of contract claims. Additionally, the district court considered whether James Miles's conduct during the claims adjustment process could be imputed to Theresa Miles. The court ruled that "the express language of [the policy] unambiguously bars coverage for an innocent co-insured spouse through the inclusion of the term 'any covered person' and, accordingly, it will be so construed. . . . Thus, Mr. Miles's alleged breach will be imputed to his wife." Miles v. Great N. Ins. Co., 656 F. Supp. 2d 218, 224 (D. Mass. 2009) ("Miles I").

The parties tried the breach of contract and unjust enrichment claims to the bench. The district court ruled against the Mileses and in favor of Great Northern, concluding that both "James and Theresa Miles are found to have breached their contractual duty to cooperate with Great Northern Insurance Company, thereby discharging Great Northern from its obligations to provide coverage under the Policy." Miles v. Great N. Ins. Co., 671 F. Supp. 2d 231, 241 (D. Mass. 2009) ("Miles II").

**II**

**DISCUSSION**

Theresa Miles now contends that the district court erred by concluding that James Miles's conduct could be imputed to her under Massachusetts law. Because resolution of this issue would require that we address a question of state law upon which the courts of Massachusetts have not yet had occasion to speak, we prefer to base our affirmance of the district court's judgment on an independent alternative ground.[5] The district court's factual findings require the conclusion that, independent of any wrongdoing on the part of her husband, Theresa Miles breached her contract with Great Northern and, therefore, is barred from recovery under the insurance policy.

Massachusetts courts have held that "a wilful, unexcused refusal to submit to an examination under oath . . . constitutes a material breach of the insurance contract discharging the insurer's liability under the contract." Lorenzo-Martinez v. Safety Ins. Co., 790 N.E.2d 692, 695-96 (Mass. App. Ct. 2003); see Mello v. Hingham Mut. Fire Ins. Co., 656 N.E.2d 1247, 1250 (Mass. 1995). In the course of rendering its decision, the district court made several findings of fact

---

[5] We may affirm a district court's judgment on any ground supported by the record. InterGen N.V. v. Grina, 344 F.3d 134, 141 (1st Cir. 2003).

that require the conclusion that Theresa Miles, by her own misconduct, independently breached the insurance contract with Great Northern. The court found that, although the contract explicitly required her cooperation,[6] Theresa Miles refused to respond to questions or turn over requested documents during her examination under oath. Miles II, 671 F. Supp. 2d at 236 (Finding # 33). Additionally, although Great Northern's attorney followed up with a letter addressed to both of the Mileses, again requesting the documents and information that the insureds previously had failed to provide, the Mileses continued to withhold certain documents relevant to the investigation. Massachusetts courts have stated that they see "no basis for a distinction between an obligation to submit to a reasonably requested examination under oath and the duty to produce documents pertinent to the claimed loss." Rymsha v. Trust Ins. Co., 746 N.E.2d 561, 563-64 (Mass. App. Ct. 2001) (concluding that financial documents, including tax returns, were relevant to

---

[6] In its opinion, the district court noted that the relevant portion of the insurance policy stated: "We have the right to examine under oath, as often as we reasonably require, you, family members, and other members of your household. We also ask you to give a signed description of the circumstances surrounding a loss and your interest in it, and to produce all records and documents we request and permit us to make copies." Miles v. Great N. Ins. Co., 671 F. Supp. 2d 231, 234 (D. Mass. 2009).

- 8 -

the insurer's investigation of a theft claim when claimant was suspected of staging the loss).

It is clear from the district court's findings that Theresa Miles independently refused to cooperate with Great Northern. Indeed, nothing in the record indicates that Theresa Miles disputed the district court's findings of fact pertaining to her failure to cooperate with Great Northern's investigation. She maintains, however, that, because there was no finding by the district court that her conduct prejudiced Great Northern in its investigation, she should not be barred from recovery.

There are two problems with this argument. First, Theresa Miles's interpretation of the district court's finding is not a fair one. The district court concluded that, "[d]ue to the Miles' failure to answer questions and provide the requested documentation, Great Northern was unable to complete its investigation as to the cause of the fire and was unable to eliminate James Miles as the person who intentionally caused the fire or directed another person to cause the fire." Miles II, 671 F. Supp. 2d at 238 (Finding # 53). We think that this language is read most appropriately as including a finding that Theresa Miles's complicity in the couple's pattern of non-cooperation was an integral part of the activity that thwarted Great Northern's investigation. Second, the general rule is that

an insurer may not disclaim coverage by virtue of an insured's breach of its duty to cooperate absent a showing of prejudice. See Boffoli v. Premier Ins. Co., 880 N.E.2d 826, 829 (Mass. App. Ct. 2008). Nevertheless, the Massachusetts courts recognize "a limited exception to the prejudice requirement in those cases where there was a wilful and unexcused refusal of the insured to comply with an insurer's timely request for an examination under oath." Id. Therefore, if Theresa Miles willfully and without excuse refused to comply with the insurer's reasonable request for an examination under oath, we may affirm, even without a determination of prejudice, on the ground that Theresa Miles's behavior constituted an independent material breach of the contract.

The Massachusetts standard for determining whether an insured's failure to comply with an examination under oath was willful and unexcused is whether the insured "had an excuse that relieved [her] from submitting to an examination under oath." Lorenzo-Martinez, 790 N.E.2d at 696. In Hanover Insurance Co. v. Cape Cod Custom Home Theater, Inc., 891 N.E.2d 703 (Mass. App. Ct. 2008), the court held that the insured's failure to appear, nonresponsiveness in material respects at examinations and reluctance to produce documents requested in conjunction with the examination, see id. at 704, constituted "intentional

- 10 -

obstructionism in connection with the examination under oath [and] thwarted the insurer's legitimate efforts to investigate the claim expeditiously," id. at 707-08. In refusing to answer questions and provide the requested documentation to Great Northern, Theresa Miles failed to comply with the insurer's reasonable request for an examination under oath and most certainly exhibited the obstructionism that, under Massachusetts law, constitutes a willful and unexcused failure to comply with her obligations.

Although appellate courts are reluctant to decide mixed questions of law and fact in the first instance,[7] we have recognized that this general hesitancy must admit of some exceptions. In particular, when no further development of facts would be required in order to resolve the mixed question, a

---

[7] See, e.g., United States v. Downs-Moses, 329 F.3d 253, 264-65 (1st Cir. 2003) (recognizing that claims of ineffective assistance of counsel "usually present mixed questions of law and fact, and should be addressed at the district court level in the first instance"); Barbour v. Browner, 181 F.3d 1342, 1345 (D.C. Cir. 1999) ("Like the mine run of mixed questions, therefore, it should be resolved in the first instance by a jury . . . ."); Garrett v. Higgenbotham, 800 F.2d 1537, 1539 (11th Cir. 1986) (characterizing the question as to whether a channel is "narrow" as a mixed question of fact and law and, therefore, one that the appellate court was "poorly situated to decide in the first instance"). But see Dyer v. Calderon, 151 F.3d 970, 979 (9th Cir. 1998) ("Because implied bias is a mixed question of law and fact reviewable de novo, there is no need to remand to the district court for consideration of this issue in the first instance." (citation omitted)).

remand is neither necessary nor prudent. See AIDS Action Comm. of Mass., Inc. v. Mass. Bay Transp. Auth., 42 F.3d 1, 7 (1st Cir. 1994) ("This rule furthers the interest of judicial economy by avoiding the remand of a question over which we eventually will exercise full review . . . ."); see also Williams v. Poulos, 11 F.3d 271, 280-81 (1st Cir. 1993) ("We recognize that it is not ordinarily the province of appellate courts to make findings of fact or to resolve, in the first instance, mixed questions of law and fact. Yet, where only one resolution of a predominantly factbound question would, on a full record, be sustainable, courts of appeals can, and often should, decline to remand where there has been an error committed."); Societe des Produits Nestle, S.A. v. Casa Helvetia, Inc., 982 F.2d 633, 642 (1st Cir. 1992) (declining to remand where, once the court of appeals decided the correct rule of law, the district court's preexisting findings of fact rendered the result obvious).

The present situation certainly fits squarely within this well-established exception. The facts found by the district court make clear that Theresa Miles's refusal to cooperate in the investigation of the fire was willful and unexcused and that her actions constituted a material breach of the contract. Despite our general reluctance to decide mixed questions of law and fact in the first instance, given the facts in the record, we are

- 12 -

entitled to conclude, at this stage, that Theresa Miles's own conduct constituted a material breach of the insurance contract as a matter of law.

## Conclusion

Theresa Miles materially breached her contract with Great Northern. Her willful, unexcused refusal to comply with Great Northern's reasonable request for an examination under oath constitutes a material breach of the insurance contract. Accordingly, the judgment of the district court is affirmed.

**AFFIRMED.**