Singh, J.
Plaintiff Brockton Spine & Rehab Inc., d/b/a Methuen Spine & Rehab
(“Methuen”), brought this action against Arbella Mutual Insurance Company (“Arbella”) to recover unpaid medical bills arising out of treatment Methuen provided to a patient who was allegedly injured in an accident while traveling in a motor vehicle insured by Arbella. See G.L.c. 90, §34M (allowing health care providers to recover personal injury protection (“PIP”) benefits due to patient directly from insurer) . Upon a finding that Arbella had not been provided sufficient information regarding Methuen’s claim within two years of the accident, the court allowed Arbella’s motion for summary judgment. Methuen filed this appeal. We review the court’s ruling on summary judgment de novo, Federal Nat’l Mtge. Ass’n v. Hendricks, 463 Mass. 635, 637 (2012); Kavlakian v. Pinette Group, LLC, 2011 Mass. App. Div. 230, 231 n.3, and affirm.
Section 34M of G.L.c. 90 provides, in relevant part:
Claim for benefits due under the provisions of personal injury protection or from the insurer assigned shall be presented to the company providing such benefits as soon as practicable after the accident occurs from which such claim arises, and in every case, within at least two years from the date of accident, and shall include a written description of the nature and extent of injuries sustained, treatment received and contemplated and such other information as may assist in determining the amount due and payable.
A delay of more than two years in bringing a claim constitutes noncooperation, justifying denial of the claim without regard to whether the insurer was prejudiced by the delay. Boffoli v. Premier Ins. Co., 71 Mass. App. Ct. 212, 216 (2008).
With its summary judgment motion, Arbella presented undisputed evidence that it did not receive the relevant bills and records until more than two years after the accident. According to Methuen’s opposition to summary judgment, “[tjhat fact is uncontested.” Methuen contends instead that its patient filed a timely claim for benefits in the form of a PIP application, but that Arbella rejected the claim. Having had *2 its claim rejected, Methuen argues, the patient could not have been expected, and indeed had no obligation, to pursue the matter any further. Therefore, Methuen concludes, its provision of bills and records to Arbella more than two years after the accident was excused.
Methuen’s argument suffers from a significant defect, namely, the lack of any factual predicate. In order to establish that it had timely submitted a PIP application that was rejected, Methuen attached its patient’s PIP application and printouts of computer notes of an Arbella claims adjuster to its memorandum in opposition to Arbella’s motion for summary judgment. The documents were not attached to any affidavit establishing authenticity, in contravention of Mass. R. Civ. P., Rule 56(c), that provides that a party may oppose summary judgment by affidavit. Rule 56(e) further provides that such affidavit
shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.
Here, there was no affidavit allowing the trial court to conclude that the documents were what they purported to be. As the documents necessary to support Methuen’s argument were not “in a form appropriate for consideration on a motion for summary judgment,” Roe v. Federal Ins. Co., 412 Mass. 43, 44 n.4 (1992), the trial court had no obligation to consider them. See Galena v. Commerce Ins. Co., 2001 Mass. App. Div. 222, 223 (on motion for summary judgment, trial court should not have considered documents attached to legal memorandum without any affidavit attesting to character of documents).
In any event, the documents proffered by Methuen, even if considered by the trial court, failed to support adequately Methuen’s premise. The PIP application made no mention of Methuen and therefore provided Arbella with no notice of Methuen’s potential claim. Additionally, the claims notes, to the extent that they can be deciphered, did not establish a denial of the PIP application, but rather indicated skepticism regarding the validity of that claim. Even if Arbella had denied the PIP application outright, there is no basis to “excuse” compliance with the statute. Proper presentment of the claim is a statutory predicate to recovery. See G.L.c. 90, §34M; Boffoli, supra at 216. Methuen provided no evidence, in a form appropriate for summary judgment or otherwise, establishing that its claim had ever been presented to Arbella within two years of the accident. As such, summary judgment was properly granted to Arbella.
Judgment affirmed.
So ordered.